## 12415

### DAVIS *ET AL.* v. DAVIS *ET AL.*

#### (142 S. E., 496)

1. PLEADING—IN CONSIDERING DEMURRER, FACTS ALLEGED IN COMPLAINT ARE ACCEPTED AS TRUE.—For purpose of consideration of a demurrer, the facts alleged in a complaint are accepted as true.

2. PARTITION—GRANDCHILDREN HELD TO HAVE VESTED INTEREST IN LAND ON DEATH OF CHILDREN WHO WERE LIFE TENANTS, MAKING LAND SUBJECT TO PARTITION.—Where testator devised portion of his land to two of his children for life with entirety to descend to testator's grandchildren living at death of such children, *held*, that, on death of children, grandchildren had a vested interest in such land which became subject to partition.

3. PARTITION—WILLS—INTEREST OF REMAINDERMEN DURING LIFE OF LIFE TENANT HELD TO BE CONTINGENT, GIVING THEM NO RIGHTS TO PARTITION OF LAND.—Where tract of land was devised to testator's child for life with remainder to testator's grandchildren living at time of death of child, during life of such child grandchildren have only a contingent remainder and have no such rights as will enable them to partition the land.

4. WILLS—HALF INTEREST IN LIFE ESTATE OF CHILD PREDECEASING TESTATOR HELD TO HAVE VESTED IN GRANDCHILDREN LIVING AT TESTATOR'S DEATH, AND NOT TO HAVE BECOME INTESTATE PROPERTY.—Where testator devised land to two children for their life and on death of either without children their share to go to heirs of children of those living at the time and that entirety to descend to testator's grandchildren, *held*, that, on death of one of life tenants without children before death of testator her half-interest became vested in grandchildren alive at time of death of testator and was not intestate property distributable among her heirs.

Before BONHAM, J., Spartanburg, April, 1925. Modified.

Action for partition by John Q. Davis and others against James H. Davis and others. From the judgment, defendants appeal.

*Messrs. Nicholls, Wyche & Byrnes, and T. R. McConnell,* for appellants, cite: *Common-law right to partition of property held jointly or in common has been abrogated by Sec. 5292, Code. In all joint tenancies there must be*

Note: As to effect of testamentary provision prohibiting or postponing partition, see annotation in 14 A. L. R., 1240; 20 R. C. L., 746; 4 R. C. L. Supp., 1876.

*unity of interest, of title, of time and of possession:* Black-stone; Tiffany (3710); Bouvier. *Where a testator directs that an estate shall be held intact until the happening of a certain event, a suit for partition brought before the happening of such event is premature:* 36 S. C., 454; 29 S. C., 369. *Where title to property is brought in issue by defendant in suit for possession, it is incumbent on plaintiff to prove title before partition can be had:* 100 S. C., 144. *It is indispensable in cases of partition, that the land be held in co-tenancy:* 30 Cyc., 178, 179. *A tenant for life is not entitled to maintain partition against reversioners, remaindermen or others having a future conditional estate:* 20 R. C. L., 744, 745.

*Messrs. Perrin & Tinsley,* for respondents, cite: *Was this case for partition prematurely brought:* 20 S. C., 425; 32 S. C., 77; 68 S. C., 479; 126 S. E., 521.

March 29, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

In December, 1924, the plaintiffs, John Q. Davis, Elizabeth Jane Freeman, Sarah Jane Sweeney, George W. Davis, T. Conna Lussardi, Josephus Davis, Ollie May Pennington, Pincie Bell Davis, Mannie Davis, and Harmon G. Davis, commenced an action in the Court of Common Pleas for Spartanburg County against the defendants, James H. Davis, Maggie Davis, Boyce Davis, and John Davis, for the partition of the tract of land described in the complaint. The defendants interposed a demurrer to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was heard before Hon. M. L. Bonham, presiding Judge, who sustained the demurrer "as to the 36-acre tract willed to the defendant, J. H. Davis, and overruled the demurrer as to the other defendants." From judgment entered, the defendants appealed to this Court.

The facts alleged in the complaint pertinent to the questions raised by the appeal are as follows: Highland Davis, of Spartanburg County, died in January, 1896, seized and possessed of a tract of land situate in Spartanburg County, described as containing 200½ acres, but, from other facts alleged in the complaint, evidently contained only 182 acres. The said Highland Davis left a will which appears of record in the office of the Judge of Probate for Spartanburg County, in which will the testator, after making provision for his wife, who died before the commencement of this action, devised unto each of his children a life estate in a certain portion of this tract of land, to wit: To James H. Davis, 36 acres; to Elizabeth Jane Davis (now Freeman), 36 acres; to John Q. Davis, 36 acres; and to Drucilla Sarah Davis and Rachael Ann Davis, jointly, the residue of 74 acres. The testator further provided in his will that:

"If any of his children above mentioned should die without children, then their share of said real estate herebefore mentioned should go to the heirs or children of such as at the time may be living, and provided that the real estate is an entirety to descend to his legal grandchildren independent of all claims, and that his legal grandchildren should inherit, after the death of his children, the same as his own children."

Rachael Ann Davis predeceased her father and was unmarried at the time of her death, and Drucilla Sarah Davis died childless October, 1924, having never been married.

The plaintiffs allege:

"That the plaintiffs and defendants herein, with the exception of James H. Davis, John Q. Davis, Elizabeth Jane Freeman (née Davis), and Maggie Davis, are the only lawful grandchildren of Highland Davis, deceased, and as such are seized in absolute fee of so much of the above-described property as was devised for life to Rachael Ann Davis and Drucilla Sarah Davis, and the remaining portion of said property subject to the life estates of the plaintiffs

John Q. Davis, Elizabeth Jane Davis, and the defendant James H. Davis."

It appears from the facts alleged in the complaint that all of the parties to this suit are *sui juris,* with the exception of the plaintiff, Harmon G. Davis, for whom his sister, Ollie May Pennington, has been duly appointed guardian *ad litem,* and qualified. The plaintiffs further allege that the plaintiffs and defendants, with the exception of Maggie Davis, are tenants in common of the land described in the complaint and allege that they are entitled to have same partitioned among them according to their respective rights, and allege that the property cannot be divided in kind without damage to the whole and that it is necessary to sell the property for partition and division among the parties according to their interests. The plaintiff's contention is more specifically set forth in paragraph 8 of the complaint, which reads as follows:

"That each of the life tenants hereinabove named are entitled to a definite proportion of the value of the 36 acres devised to them by their father, in accordance with the mortuary table appearing in Section 751 of Volume 1, Code of Laws for South Carolina for 1922 and that each of the other plaintiffs and defendants except Maggie Davis, is entitled to a one-tenth interest of what remains after the value of the three life interests has been determind."

The plaintiffs further allege that the defendant Maggie Davis is made a party to the action for the reason that she claims an interest in the lands in question, but they allege that she has no interest.

To these alleged facts the defendants interpose the following demurrer:

"The defendants James H. Davis, Maggie Davis, Boyce Davis, and John L. Davis demur to the complaint upon the following grounds, to wit:

"First. Because the complaint does not state facts sufficient to constitute a cause of action, in that it appears upon the face of the complaint:

"(a) That the complaint attempts to allege a cause of action for partition of real estate.

"(b) Because it appears upon the face of the complaint that the parties to the action, nor any of them, are tenants in common of the property sought to be partitioned.

"(c) That the action for partition, if plaintiffs have the right to partition, is premature and cannot be sustained until the death of all the life tenants, if there are any such life tenants as alleged in the complaint, or until the parties to the action become tenants in common.

"(d) That the plaintiffs, nor any of them, have title sufficient or upon which to base a cause of action such as attempted to be alleged in the complaint.

"Wherefore these defendants pray that the complaint be dismissed, with costs."

Under the well-recognized rule, for the purpose of consideration of the demurrer, the facts alleged in the plaintiffs' complaint are accepted as true, and the only inquiry is whether or not such facts so alleged constitute a cause of action. As stated above, his Honor Judge Bonham, before whom the cause was heard, sustained the demurrer as to the 36-acre tract willed to the defendant, J. H. Davis, and overruled the demurrer as to the other defendants.

It will be observed that the plaintiffs have not appealed from this order of the presiding Judge, by which order the plaintiffs' action was, in effect, dismissed as to the 36-acre tract willed to the defendant James H. Davis, and the only question for consideration before this Court is the question raised under the appellants' exceptions, which exceptions are as follows:

"(1) It is respectfully submitted that his Honor erred in not sustaining the demurrer as to all the defendants when

it did not appear upon the face of the complaint that the parties to the action, or any of them, were tenants in common of the property sought to be partitioned.

"(2) Because the presiding Judge erred in not sustaining the demurrer as to all the defendants and as to all the land, when it appeared upon the face of the complaint that the complaint attempts to allege a cause of action for the partition of real estate, and that the parties to the action are not tenants in common, and that the action for partition, if plaintiffs have the right to partition, is premature and could not be sustained until the death of all the life tenants, if there are any such life tenants as alleged in the complaint, or until the parties to the action become tenants in common, and that the plaintiffs, or any of them, have the title sufficient upon which to base a cause of action such as attempted to be alleged in the complaint."

As we view the facts in the case, the 74-acre tract willed to the two children, who have died, is subject to partition among the parties before the Court. The testator gave this tract to Drucilla Sarah Davis and Rachael Ann Davis jointly. Rachael Ann Davis predeceased the testator, leaving no children. Under the decision in the case of *Free v. Sandifer,* 131 S. C., 234; 126 S. E., 521, in which the opinion was written by Hon. W. C. Cothran, Acting Associate Justice, the interest of Rachael became intestate property, and, upon the testator's death, vested in the heirs of the testator. The interest of Drucilla Sarah Davis, who died in 1924, leaving no children and having never been married, vested, under the terms of the will, in the testator's grandchildren in being at the time of her death. The grandchildren of the testator are all before the Court, as well as the children of the testator, and, according to our view, have a vested interest in this 74-acre tract.

Under the decision of the case of *Varn v. Varn,* 32 S. C., 77; 10 S. E., 829, and authorities cited thereunder, it is clear that this tract is subject to partition, and we think

that his Honor properly overruled the demurrer as to this, the 74-acre tract of land.

As to the 36-acre tract in which, under the will, the defendant, J. H. Davis, has acquired a life estate, according to our view, his Honor, the presiding Judge, was correct in sustaining the defendants' demurrer. Under the terms of the will, J. H. Davis has a life estate in this tract of land, and, upon his death, the same goes to the grandchildren of the testator in being at the time of the death of J. H. Davis, and, therefore, the remaindermen cannot be ascertained before the death of J. H. Davis—that is, those who will be certain to take the remainder. The grandchildren living today may all have passed away before the death of J. H. Davis, and they can only be recognized as contingent remaindermen, and have no such rights as will enable them to partition the lands.

What we have said with reference to the 36-acre tract of J. H. Davis is applicable also to the respective tracts in which the plaintiffs, John Q. Davis and Elizabeth Jane Davis Freeman, own a life interest under the will in question, and, under the view we take, the demurrer should have been sustained also as to these tracts. In reaching this conclusion we have carefully considered the authorities cited by the respondents and call attention to the fact that the decision in the case of *Varn v. Varn, supra,* is not applicable to the question raised as to the 36-acre tracts. In the *Varn case* the Court had before it vested remaindermen, whereas in the case at bar, as to the 36-acre tracts, we are dealing with contingent remaindermen, and, according to our view, the presiding Judge should have sustained the demurrer as to all three of the 36-acre tracts.

It is, therefore, the judgment of this Court that the judgment of the Circuit Court be modified in accordance with the views expressed herein.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER concur.

MR. JUSTICE COTHRAN (concurring in the main):

I concur in the opinion of Mr. Justice Carter with this exception: I think that the half interest in the 74 acres which was devised to Rachael Davis for life, under the will, became vested in the grandchildren who were alive at the time of the death of the testator, and is not intestate property distributable among his heirs. It makes no difference that Rachael predeceased the testator, as the will makes the same disposition in reference to Rachael as to Drucilla. ·

This is assuming that the will is correctly outlined in the complaint, which is all that is before us. This is not intended as a proceeding to construe the will, and nothing now decided should foreclose a construction of it with the entire will before the Court. The main points decided are that partition of the 74 acres may now be had among the grandchildren, and that as to these tracts of 36 acres each, devised to John Q. Davis, Elizabeth Freeman, and James H. Davis, it may not be until the falling in of the respective life estates; and that, then, the grandchildren who may be alive at those respective dates will be entitled to the fee.

MESSRS. JUSTICES BLEASE and STABLER concur.