Bay, J.
delivered the opinion of the Court.
This case comes before the Court upon a special verdict, found in Colleton District, in April, which states substantially, That William J 3 Eddings, of Toobadoo, deceased, by a deed of _ _ . - ',•» indenture, bearing date the 21st beptember, 1753, in consideration of the natural love and affection which he bore towards his son, Joseph Eddings, and also, in consideration of the sum of 100l. *49 current money of the then province of South Carolina, having first reserved to himself, d uring i . i i*/» i r . . his natural hie, the use oí the premises mentioned in the deed ; granted, bargained and sold his said son, Joseph■ Eddings, for and during the term of his natural life, and afterwards to the children of. the said Joseph, lawfully begotten, all those plantations, or tracts of land, particularly set forth and described in said deed, containing, in the whole, about 1446 acres, more or less, and among them the two tracts of land now in dispute between the parties to this suit: to have and to hold the said two tracts of land, and all and singular the other premises mentioned in said deed, unto the said Joseph Eddings, for and during his natural life, and afterwards to the children of the said Joseph, lawfully begotten, or to be begotten, and who should be living at the time of his death, their heirs and assigns for ever. That the said William Eddings afterwards, on the day of departed this life. That Joseph Eddings, his son, after the death of his father, departed this life on or about the 24th October, 1789, leaving lawful issue three children, two sons and % daughter, viz. William, Joseph, and Providence, (who intermarried with Jonathan Fichling.') The special verdict goes on to state that Joseph Eddings, father of the above named children, previous to his death, had duly made and executed his last will and testament, in which he gave and devised to his friend Col. , *50 Lewis Morris, and to his two sons above mentioned, Joseph and William Elliott Eddings, and the súrvivor of them, the above tract of 200 acres, among other things mentioned in said will, in trust for the use of his daughter, Providence Fickling, during her natural life, free from the inter-meddling of her husband; and after her death, to and for the-use of such child or children as she might have, to be equally divided between them if more than one. But if she should die without children, then he devised the premises given to his daughter to his said two sons, Joseph and William E. Eddings, their heirs and assigns for ever. That the said Providence Fidding died on the 7th November, 1789, intestate, leaving two daughters, Ann and Providence Fidding, and. her said two brothers, Joseph and William. That Ann, one of her daughters, died, and Benjamin Jenkins married Providence, the surviving daughter, in right of whom, under the will of her grandfather, Joseph Eddings, he claims the land in question. The special verdict further states, that Joseph, one of the grandsons of old William Eddings, died in the year having first made his last will and testament, and thereby appointed William W. Seabrook, Paul Hamilton, James Fickling, James Brown, and James Laroach, his executors, and empowered them, and each of them, to sell his real and personal estate upon such terms as they thought proper; that the said Paul Hamilton and James Laroach, two of the said *51 executors mentioned in the will, qualified under it, and on the 20th April, 1801, sold and conveyed one moiety, or half part of the said two tracts of land, to Micah Jenkins, plaintiff in this action.' And that William Eddings Jenkins, the brother of Joseph, and grandson of old William, in his life time, by deed dated the 28th July, 1801, conveyed the other moiety of said two tracts to the said Micah Jenkins also; and further, that the said two tracts so sold and conveyed, are parts and-parcels of the said 1446 aeres first mentioned in the deed by old William Eddings, the ancestor, in manner above set forth. That Benjamin Jenkins, the defendant, has since entered upon part of the land in dispute in right of his wife, and still claims the right and title to the same. The verdict then concludes in the usual manner, by submitting to the Court whether the title to the land be in the plaintiff or defendant If in the plaintiff then the Jury found for the plaintiff; but if in the defendant, then the Jury found for the defendant. I have considered this case, and am clearly of opinion that the deed from old William Eddings, the ancestor, to his son Joseph, after reserving the usufruct of the premises mentioned in the said deed to himself during his life, gave a life estate in the 1446 acres of land to his said son Joseph, and after his death an estate in fee simple to his three children as joint tenants in remainder; and that the three children took as purchasers under the deed from their grandfa *52 ther, after the death of their father, Joseph, Ed-7 •* dings. It has been argued that this deed was vo1(m as there was no intervening estate to sop-* it over, and that therefore Joseph, the son, took by inheritance from his father; but this is not, in my opinion, warranted by law, or the facts in the case. For the deed expressly gives Joseph, the son, a life estate in the premises in question, which is fully sufficient to support and carry over the remainder in fee to his children; and the only question then is, whether the reservation of the usufruct to the donor for life, defeated the life estate in Joseph after the donor’s death, and Í am equally clear it did not; for the moment the deed was sealed and delivered, all the estate in the lands passed away from him, (except the usufruct,) and nothing could prevent Joseph from taking the life estate after his father’s death, which clearly carried it over to his children in fee upon his death as joint tenants.
*50 Charleston,
May, 1817.
*52 The creation of a joint tenancy by the rules of the common law must depend upon the wording of the deed or devise by which the tenants claim title. The properties (says Mr. Blackstone,) are fourfold, Unity, I. of interest, of title, of time, and possession; or, in other words, they must have one and the same interest, accruing by one and the same title, commencing at one and the same time, and held by one and the same undivided possession; all which requisites are combined and united in this deed, from the grand *53 father to his three grandchildren. One of the legal consequences resulting from this intimate ... , . unity of interest and possession, is the doctrine of survivorship; by which, when two or more sons are-seized of a joint estate of inheritance, and one of them die, upon the decease of such joint tenant, the entire tenancy remains to the survivors, and, at length, to the last survivor. Hence it results, that upon the death of Providence, the daughter of Joseph, without severance or sale in her life time, the estate went over to the two brothers, William, and Joseph, as survivors. After this, Joseph, one of the brothers, died, having first, in due form of law, made his last will and testament, and thereby empowered his executors to sell his lands; two of whom, in April, f80i, conveyed his moiety in them to Micah Jenkins. This will severed the joint tenancy between the two brothers, agreeably 7 . - , . . the act oi 1734, which authorizes joint tenants to sever by will, and carried over the fee in the moiety to the plaintiff ;* and in the month of July following, William Elliott Eddings, the other brother, conveyed his moiety in said lands to the plaintiff also, which vested the fee of both tracts fully and completely in him. On the argument, the will of Joseph, the father of the joint tenants, was produced, in which he devised two *54 hundred acres, part of the land in question, to certain trustees, for the use of his daughter, Providence Fielding, the mother of Mrs. Benjamin ■ Jenkins. And if the fee of the land had ever been in him, it certainly would have carried it over agreeably to the testator’s intentions, and it would have enured to the use of Mrs. Jenkins or her representatives. But the fact really is, that the fee never was vested in Joseph ; he had only a life estate, and file moment the breath went out of his body, that instant the fee vested in the children as joint tenants, so that in truth it was a void devise ; the land was not his to give away. he must have made it over under a mistaken idea of his right; no interest in the land could by any possibility go over to the defendant, Benjamin Jenkins. Upon the whole, therefore, 1 am decidedly of opinion that the postea should be delivered to the plaintiff, Micah Jenkins, and that judgment should be entered up in his favour.
Joint, tenancy act of 1734.
Fraser and Thomas S. Grimké for plaintiff
Hayne for defendant.
The other Judges concurred.

 By this act co-partners, joint tenants, and tenants in common, may devise their interests, remainders, or reversions: and by an act of 1748, Sec, may compel a division as soon as any one of them shall be of age.