16709

DAVIS *ET AL.* v. DAVIS *ET AL.*

(75 S. E. (2d) 46)

*Messrs. Bridges & Bridges* and *William H. Blackwell,* of Florence, and *Jones, Reed & Griffin,* of Kingston, N. C., *for Appellants,*

*Messrs. Shuler & Harrell* and *J. D. O'Bryan,* of Kingstree, and *Fred P. Parker, Jr.,* of Goldsboro, N. C., *for Respondents, Mamie Dowdy Parks, Individually, and as Administratrix of the Estate of W. N. Parks, Deceased, and Mamie Ruth Parks, a Minor,*

February 3, 1953.

OXNER, Justice.

The facts are fully stated in the opinion of Mr. Chief Justice Baker. For the reasons so cogently stated by him, I am in accord with the conclusion that the estate of tenancy by the entirety no longer exists in South Carolina, but regret that I must dissent from the conclusion that the deed creates a joint tenancy.

It is elementary that the cardinal rule of construction is to ascertain and effectuate the intention of the parties, unless that intention contravenes some well settled rule of law or public policy. As we endeavored to point out in the very recent case of *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637, 640, "There is a growing tendency among the courts to apply, *not merely to affirm preliminari-*

*ly,"* this salutary principle. Also, see *Glasgow v. Glasgow,* 221 S. C. 322, 70 S. E. (2d) 432. I shall approach the question before us, as was done in the *Rogers case* involving the construction of a will, by first undertaking to ascertain the intention of the parties "unobscured by the fault of technical learning," and without reference to the subtle and arbitrary distinctions and niceties of the feudal common law After doing so, we can then ascertain whether there are any rules of law or public policy requiring a different conclusion.

The granting clause is to "W. N. Parks and wife, Emma V. Parks, as tenants by entirety, and the survivor of them," and the habendum is to these parties "and the survivor of them, their heirs and assigns in fee simple forever."

I think the deed clearly evidences an intention that Mr. and Mrs. Parks should have the property while both lived, and upon the death of either, it should pass to the survivor. The scrivener evidently thought that the appropriate way to effectuate such purpose was to create a tenancy by entireties and so characterized it in the granting clause. Although this estate no longer exists in South Carolina, can we still give effect to the obvious intention of the parties that after the death of one of the grantees, the absolute estate should go to the survivor?

The conclusion that a joint tenancy was created is reached in this manner. It is stated that, quoting from Chancellor Kent, "the same words of conveyance which would make two other persons joint tenants, will make the husband and wife tenants of the entirety," and that a tenancy by the entirety, quoting from Tiffany, "is essentially a joint tenancy, modified by the common law theory that husband and wife are one person." On the basis of these principles, it is said that since the unity of husband and wife, a distinctive feature of a tenancy by the entirety, no longer exists in South Carolina, the deed under consideration which created at common law a tenancy by the entirety must now be regarded as creating a joint tenancy. The result is that one common law estate based on the fiction of unity of husband and wife is

rejected and there is substituted in lieu thereof an estate in joint tenancy, which is held in equal disfavor by the courts and is based on feudal conceptions long since extinct. After this is done, Section 8911 is applied to the joint tenancy thus found and the deed is construed the same as if it had been made to Mr. and Mrs. Parks without the superadded words "and the survivor of them." I know of no rule of law requiring a result of this kind which is clearly contrary to the intention of the parties. It might not be amiss to add that appellants did not advance the theory of joint tenancy but state in their brief "that W. N. Parks and wife took estates under the deed in question as tenants in common."

Suppose the parties had been told that South Carolina did not recognize tenancy by entireties, how can we presume that they would have then created an estate in joint tenancy? When we enter into the field of conjecture, the point at which we find the parties would have ultimately landed cannot be determined. The only safe course to pursue is to construe the deed as giving that estate which undoubtedly is in conformity with the intention of the parties.

A joint tenancy does not have all the characteristics of a tenancy by the entirety. In *Joos v. Fey,* 129 N. Y. 17, 29 N. E. 136, it is said: "This estate of tenancy by the entirety has but one feature in common with that of a joint tenancy, and that is in the right of survivorship. In all other essential respects they differ. The estate, which vests by virtue of a grant jointly to husband and wife, is peculiarly the result or product of the marriage relation, and depends for its continuance upon the unity of man and wife."

The fact that the word "survivor" is used in this deed does not conclusively call for a construction of joint tenancy. As stated in a footnote in the Third Edition of Tiffany on Real Property, Volume 2, page 208: "A tenancy in common with benefit of survivorship is a case which may exist, without being a joint tenancy, because survivorship is not the only characteristic of a joint tenancy."

While the right of survivorship is not an incident to an estate in common, it may be annexed thereto if the parties so desire.

■ It has been said that great care must be exercised in construing conveyances to two or more persons and to the survivor or survivors of them. "If the intention was to create a tenancy in common for life, with cross remainders for life, with remainder in fee to the ultimate survivor, a joint tenancy would not accomplish the purpose because the right of survivorship may be defeated by a conveyance by any joint tenant but the vested cross-remainders and, in general, the contingent ultimate remainders are indestructible. Thus, not all instruments which provide that the survivor of a group will ultimately take the fee in severalty contemplate a joint tenancy; the intention may be to create a true future interest by way of a remainder or an executory limitation." American Law of Property, Volume II, page 14.

■ There is nothing vicious about the right of survivorship. Indeed, it was recognized by our General Assembly in the enactment of the statute relating to bank deposits. Section 7851 of the 1942 Code. No rule of public policy or rule of law is violated by creating an estate in two or more persons with the right of survivorship. Section 8911 of the Code only abolished survivorship as an incident of the common law estate of joint tenancy, and was never intended to prevent the creation of the right of survivorship when expressly provided for in a will or deed. In discussing this question, the Supreme Court of Georgia in *Equitable Loan & Security Co. v. Waring,* 117 Ga. 599, 44 S. E. 320, 353, 62 L. R. A. 93, said:

"While the doctrine of survivorship, as applied to joint tenancies, has been distinctly abolished and does not exist in this state, there is no law of this state that we are aware of which prevents parties to a contract, or a testator in his will, from expressly providing that an interest in property shall be dependent upon survivorship. Of course, all presumptions are against such an intention, but where the contract or will provides either in express terms or by necessary

implication, that the doctrine of survivorship shall be recognized, we know of no reason why a provision in the contract or will dependent upon such doctrine may not become operative under the laws of this state. * * * In *Arnold v. Jack,* 24 Pa. 57, the Supreme Court of Pennsylvania held that though survivorship, as an incident to joint tenancies, had been abolished in that state, it might be expressly provided for by will or deed; Knox, J., in the opinion saying: 'But conceding that the right of survivorship, as an incident of a joint tenancy, no matter how created, is gone, it by no means follows that this right may not be expressly given either by a devise in a will or by grant in a deed of conveyance. It may cease to exist as an incident, and yet be legally created as a principal.' * * * In the case of *Taylor v. Smith* (116 N. C. 531), 21 S. E. 202, the Supreme Court of North Carolina held that the act abolishing survivorship in estates in joint tenancy did not prohibit contracts making the rights of the parties dependent on survivorship. In the opinion, Avery, J., said: 'The act of 1784 (Code 1895, § 1326) abolishes survivorship where the joint tenancy would otherwise have been created by the law, but does not operate to prohibit persons from entering into written contracts as to land, or verbal agreements as to personalty; such as to make the future rights of the parties depend upon the fact of survivorship.' "

The following is taken from 26 C. J. S., Deeds, § 127, page 429:

"An estate of survivorship will be created by a deed manifesting an intention to create such an estate. Where such intention is clearly stated, it will be effective regardless of the nature of the estate otherwise conveyed. A deed of land to two persons may operate as a deed of an estate for life with remainder in fee to the survivor. Thus, a deed to a number of grantees and the survivor of them has been held to convey a life estate with remainder in fee to the survivor."

In *Mittel v. Karl,* 133 Ill. 65, 24 N. E. 553, 8 L. R. A. 655, it was held that a deed to Maria Jobst and Michael Jobst, her husband, and "the survivor of them, in his or her

own right," gave each grantee an estate for life, with remainder in fee to the survivor. The Court said that at common law this deed would have created a tenancy by the entirety but the Married Women's Act of that State had the effect of abolishing such an estate, and that the deed without the words, "and 'the survivor of them, in his or her own right,' " would have conveyed said property to the grantees as tenants in common. It was then pointed out that these words could not be regarded as surplusage and must be given effect. It was argued that if they could not be regarded as surplusage, the deed created a joint tenancy. But the Court denied this contention on two grounds. It was held, first, that under an Illinois statute the words used were not sufficient to create a joint tenancy and, secondly, that this estate was not created because there was no unity of interest. It was further stated in the opinion:

"We think the language of the deed, when properly understood, will admit of but one construction, and that is that the premises were conveyed to Maria and Michael Jobst for life, with a contingent remainder in fee to the survivor. The language of the grant is to Michael Jobst and Maria Jobst and the survivor of them, in his or her own right. It was doubtless intended that the one who should die first should take only a life-estate in the premises, with remainder in fee to the survivor and his heirs. *Ewing's Heirs v. Savary*, 3 Bibb. [Ky.] 235, is a case in point. There the grantor made a deed to two persons, and 'the survivor of them, his heirs and his assigns.' The court held that the grant conveyed an estate for life and a contingent remainder in fee to the survivor. It is there said: 'Although there is no express limitation to them for life, the express limitation of the fee to the survivor necessarily implies it. Nor can there be any doubt that the contingent remainder is good, for there was a particular estate of freehold to support it, and *eo instante* that the particular estate determined the estate in remainder commenced.' "

In *Phelps v. Simons,* 159 Mass. 415, 34 N. E. 657, 658, it is stated: "The bequest in this case is to the husband and his wife, 'and the survivor of them, and the heirs of such survivor.' A conveyance in this form, at common law, to persons not husband and wife, would give a joint estate for life, and a contingent remainder to the survivor."

In *Rowland v. Rowland,* 93 N. C. 214, the deed was to "John B. Rowland and Ophelia Rowland and their heirs as aforesaid, as tenants in common; and upon the death of either one, then to the survivor and his or her heirs forever." The Court rejected a contention that the North Carolina Act abolishing survivorship as an incident of joint tenancy prevented the creation of an estate with the right of survivorship and held that "a defeasible fee in common was given to Ophelia Rowland and John Rowland, and upon the death of Ophelia, the absolute fee vested in John as survivor, because such was the manifest intention of the donor and because that construction is not in violation of any principle of law or rule of construction."

In Tiffany on Real Property, Third Edition, Volume 2, pages 207 and 208, § 424, it is stated:

"A gift to two or more persons and the survivor or survivors of them has been regarded as showing an intention to create a joint tenancy, as has a gift to two persons for their joint lives, and to the survivor of them during his or her natural life, so too, of a gift to two persons 'and the survivor of either.' But whether the mere fact that the donor indicates an intention that the survivor or survivors shall take should be given such an effect appears to be open to question. The right of survivorship is merely one incident of a joint tenancy. Another incident of such tenancy is that any one of the tenants can destroy it, with the incidental right of survivorship, by a conveyance to a third person, *and when one makes a gift to two or more with the right of survivorship, it appears to be a reasonable conclusion that he has in mind an indestructible right of survivorship. The view that there is in such a case of tenancy in common for life with a*

*contingent remainder in favor of the survivor, or even that there is a tenancy in common in fee simple with an executory limitation in favor of the survivor, might seem more in accord with the intention of the grantor or testator."* (Italics mine.)

The author further states on pages 203 and 204, Section 421:

"In the case of a conveyance or devise to A and B and to the survivor of them, the tendency has been to regard the language used as showing an intention to create a co-tenancy in A and B for their lives, with a contingent remainder in favor of the survivor, unless words of inheritance, used as applying to both A and B, or other circumstances, indicate an intention to create a fee simple in each. In either case, at common law, A and B would take as joint tenants, but the statutes creating a presumption in favor of tenancy in common would tend to prevent this result, and any rights accruing by reason of survivorship would be based on the express limitation in favor of the survivor. By reason, moreover of the modern statutes creating a presumption in favor of the passing of a fee simple rather than a life estate, language which at common law made A and B joint tenants for life with remainder as to the survivor, might occasionally be regarded as making them tenants in common in fee simple, subject to cross executory limitations between them, that is, with a limitation over, as to the moiety of A, in favor of B, in case of A's death before B, and a like limitation over in favor of A, as to B's moiety, in case of B's death before A."

Turning now to the phraseology of the deed before us, we cannot give effect to the phrase "as tenants by entirety" found in the granting clause, although it might be considered as throwing some light on the intention to create an indestructible right of survivorship. See *Maxwell v. Saylor,* 359 Pa. 94, 58 A. (2d) 355, 359. As stated in the dissenting opinion in that case, "While *calling* a tenancy by an erroneous name, the grantor may, nevertheless, create a correct tenure," and I think that by adding the phrase "and

the survivor of them," the parties in this case clearly indicated the nature of the estate intended to be created, namely, that upon the death of either of the grantees the absolute estate should vest in the survivor. Tiffany advances two possible constructions—(1) a tenancy in common for life with a contingent remainder in favor of the survivor, and (2) a tenancy in common in fee simple with an executory limitation in favor of the survivor. We need not decide which is the better view because under the facts of this case, the result is the same. Under either construction, upon the death of Mrs. Parks the absolute fee vested in Mr. Parks.

There is a further contention by appellants that the ■ Court below erred "in refusing to receive evidence as to the intention of the parties to the deed, and the circumstances surrounding same." There is no merit in this exception.

The foregoing was written as an opinion concurring in part with that of the CHIEF JUSTICE and dissenting in part. It has now been concurred in by a majority of the Court. This results in affirmance.

The order sustaining the demurrer and dismissing the complaint is affirmed.

FISHBURNE and STUKES, JJ., concur. BAKER, C. J., and TAYLOR, J., dissent.

BAKER, Chief Justice (dissenting).

This action, commenced on or about January 4, 1951, involves the construction and effect of a certain deed dated August 25, 1931, and executed by O. Taylor, *et al.*, to W. N. Parks and wife, Emma V. Parks; reciting a consideration of $2,800, and conveying to (quoting) "W. N. Parks and wife, Emma V. Parks, as tenants by entirety, and the survivor of them," two certain tracts of land in Williamsburg County, one described as containing 400 acres, and the other described as containing 260 acres, more or less. And the following is a copy of the habendum clause:

"To Have and to Hold, the aforesaid tracts of land, and all privileges and appurtenances thereunto belonging or in any wise appertaining to, the parties of the second part, and the survivor of them, their heirs and assigns in fee simple for ever."

Emma V. Parks died intestate on March 3, 1933, leaving as her sole heirs-at-law her husband, W. N. Parks, and a daughter by a previous marriage, whose name was Clyde Newsome Davis, who died on March 27, 1950. The husband, W. N. Parks, thereafter married Mamie Dowdy Parks, and later died intestate, leaving surviving him as his sole heirs-at-law, his latter wife, the said Mamie Dowdy Parks, and a daughter of their marriage, Mamie Ruth Parks.

The complaint in this action sets forth the deed aforesaid in full, and alleges that Emma V. Parks by virtue of this deed acquired a one-half interest in the property in question (quoting) "as a tenant in common with her husband, William N. Parks, deceased," and the plaintiffs claim by inheritance from Emma V. Parks, their maternal grandmother; and seek a declaratory judgment in their favor. And it appears from the "Statement" in the transcript of record that all necessary or proper parties are before the Court.

The defendants, Mamie Dowdy Parks, individually and as Administratrix of the Estate of W. N. Parks, deceased, and Mamie Ruth Parks, a minor, acting by her guardian *ad litem,* constituting all the heirs-at-law of W. N. Parks, deceased, filed a demurrer to the complaint, on the ground that upon the death of Emma V. Parks, her husband, W. N. Parks, the other grantee named in the deed in question, became the sole owner in fee of the said property by survivorship, and hence that the plaintiffs, claiming under Emma V. Parks, deceased, have no interest in the lands described in the deed.

The demurrer came on to be heard before Honorable J. Frank Eatmon, Judge of the Third Circuit, who, after argument of counsel, filed his order dated June 9, 1952, sustain-

ing the demurrer and dismissing the complaint, with costs against the plaintiffs.

The cause comes to us upon appeal by the plaintiffs from this order; and the exceptions really present one question only, namely:

Does the estate of tenancy by the entireties, arising solely from the antique theory of oneness of husband and wife, continue to exist in South Carolina, notwithstanding the complete constitutional emancipation of married women with regard to their property rights?

It is true that prior to the constitutional emancipation of married women with reference to their property rights, the estate by the entireties was recognized and applied in South Carolina, although there are relatively few cases relating to the same. Apparently the oldest one of these cases is that of *Bomar v. Mullins,* 4 Rich. Eq. 80, decided in 1851, wherein it was held that where land is conveyed to husband and wife, they become seized of an estate in entirety—neither can alien so as to bind the other, and the survivor takes the whole.

The case of *Georgia, Carolina, & Northern Ry. Co. v. Scott,* 38 S. C. 34, 16 S. E. 185, 186, 839, involved a will devising an estate to husband and wife for their joint lives and the life of the survivor. The opinion was delivered by Mr. Justice McGowan, from which we quote the following:

"But there is still another peculiarity in this case. The parties named as joint tenants for life, with the right of survivorship, are husband and wife, and, as they are in law theoretically one person, the question arises, can they be joint tenants? I confess it is to me a new point, with which I am not familiar. Very little can be found in our Reports upon the subject; but Chancellor Kent, whose specialty seems to have been the subject of real estate, states the doctrine thus: 'The same words of conveyance which would make two other persons joint tenants will make the husband and wife tenants of the entirety'."

It will be observed, from the foregoing quotation, that it is quite apparent that the only reason why a conveyance to husband and wife was not originally deemed a join tenancy was that the husband and wife were considered, under the common law, as being but one person. Indeed, as stated in the quotation contained in the brief of respondents from Section 94 of Tiffany on Real Property, at page 645: "It (tenancy by entities) is essentially a joint tenancy, modified by the common law theory that husband and wife are one person." An interesting feature of this *unity* is shown by the following quotation from 26 Am. Jur. 645: "Under the common law, upon marriage, husband and wife become in legal contemplation only one person, and that person is the husband; the separate legal existence of the wife is merged into the husband."

Consequently, the law relating to joint tenancy tends to throw light upon the problem before us; and in this connection we quote Section 8911, Code 1942, originally enacted in 1791:

"Where any person shall be, at the time of his or her death, seized or possessed of any estate in joint tenancy, the same shall be adjudged to be severed by the death of the joint tenant, and shall be distributable as if the same were a tenancy in common."

Furthermore, Section 8826, Code 1942, included in the General Statutes of 1829, provides that "All joint tenants and tenants in common" shall and may be compellable to make severance and partition of their lands so held. It follows therefore that there is now really no substantial difference between a joint tenancy and a tenancy in common; and, as was said in the opinion of the Court in the case of *Free v. Sandifer,* 131 S. C. 232, 126 S. E. 521, 522, "the modern tendency is to restrict the creation of joint tenancies and to abolish the idea of survivorship," and that practically all of the States have enacted legislation against the doctrine of survivorship.

And we quote further from the interesting opinion in this case, which was delivered by Honorable W. C. Cothran, Acting Associate Justice:

"In the case of *Telfair v. Howe,* 3 Rich. Eq. 235, 55 Am. Dec. 637, Chancellor Dargan discussed this question in a very able manner, as the following extracts from his opinion will reveal:

"The estate in joint tenancy presents some of the most artificial rules of subtle distinctions of the ancient common law. It was once highly favored in England (Master of the Rolls in Morley v. Bird, 3 Ves. 630), doubtless for reasons that were feudal in their character, and influential in their day; but which have long since ceased to operate. For whatever may have been the causes which led to the origin of this estate, or which recommended it to our rude and warlike ancestors of the feudal period, it is undeniable that, at this day, it has grown into disfavor in English and American Courts; more especially in courts of equity. * * *' "

The principle of survivorship was indeed allowed at common law, in the case of a tenancy by the entireties, notwithstanding the statutes above mentioned, but it will be observed that this was solely upon the theory that husband and wife were then treated as one person, and since they are now no longer treated as such, pursuant to the constitutional emancipation of married women, it does not appear to us that there can now be in South Carolina a tenancy by the entireties, but that a conveyance which would have formerly created the same should be construed as conveying a joint tenancy.

It so happens, however, that the only one of our cases dealing directly with a similar question to that now before us for decision is that of *Green v. Cannady,* 77 S. C. 193, 57 S. E. 832, 834, which while decided June 5, 1907, relates to a deed executed on December 25, 1882, long prior to the adoption of the Constitution of 1895. The unanimous and comprehensive opinion in this case was delivered by Mr.

Justice Jones (subsequently Chief Justice), from which we quote at length, as follows:

"An estate by the entirety is thus defined in 1 Sharwood's Blackstone, 181: 'If an estate in fee be given to a man and his wife, they are neither properly joint tenants, nor tenants in common; for, husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seized of the entirety, *per tout et non per my,* the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor.' Such an estate was recognized in *Bomar v. Mullins,* 4 Rich. Eq. 80, and referred to in *Railway Company v. Scott,* 38 S. C. 34, 16 S. E. 185, 839; *McLeod v. Tarrant,* 39 S. C. 275, 17 S. E. 773, 20 L. R. A. 846, and *DeLoach v. Sarratt,* 55 S. C. 283, 33 S. E. 2, 35 S. E. 441. But the question which now arises is whether this ancient doctrine of the common law was applicable in this state in 1882, when the deed in question was executed, in view of the Constitution and statutes as to property rights of married women.

Section 2436, Civ. Code, 1902, makes partition between joint tenants compellable, and section 2473 destroys the right of the survivor to take the whole on the death of a joint tenant. *Varn v. Varn,* 32 S. C. 77, 10 S. E. 829. But the distinction between a joint tenancy which does not involve the unity of person and a tenancy by entirety which does involve such unity, based upon the common-law theory as to the oneness of husband and wife, is generally regarded as a sufficient reason for holding that tenancy by entirety may exist, notwithstanding such legislation as to joint tenancy."

The Court then refers to cases from other States relating to the effect of statutes in reference to the separate estate of a married woman, the authorities being conflicting, some holding that such statutes effectually abolished tenancy by the entirety, while others hold to the contrary. And we quote further from the opinion by Mr. Justice Jones:

"So far as we know, this question has not been considered or decided in this state. *Bomar v. Mullins, supra,* was decided in 1851, and is therefore not in point. The case of *Railway Co. v. Scott,* 38 S. C. 34, 16 S. E. 185 (1892), held, under a devise 'to W. and wife and the survivor, for life, not subject to their debts, and after their death to be equally divided between the children of W.,' that a release of right of way executed by W. was valid for the joint lives of himself and wife. The will became effective after 1868, but the case does not expressly decide whether the husband and wife took as joint tenants, or as tenants of the entirety, and the effect of the married woman's statute upon the entirety estates was not suggested or considered in the opinion. In *McLeod v. Tarrant,* 39 S. C. 271, 17 S. E. 773, 20 L. R. A. 846 (1892), Mr. Justice Pope expressed the view that a deed of land to husband and wife and their heirs and assigns forever created an entirety estate with survivorship—citing *Bomar v. Mullins, supra,* and *Railway Co. v. Scott, supra*— but the deed under construction was executed in 1850, and hence the question now presented was not involved nor considered. In *DeLoach v. Sarratt,* 55 S. C. 283, 33 S. E. 2, 35 S. E. 441, it was declared that such an estate exists in this state, but that the doctrine was inapplicable in that case as Mrs. Sarratt acquired the estate in 1862 or 1863, previous to her marriage in September, 1868.

\* \* \*

"We think it was within the design and effect of the separate estate legislation to destroy the oneness of husband and wife as to property rights, and therefore that a married woman may become a tenant in common with her husband in property upon a grant to both. Previous to 1868 a husband could not convey an estate directly to his wife, because the legal existence of the wife was merged in that of the husband; but under the Constitution of 1868 that oneness in property rights was so far abrogated as that a husband may convey to his wife and the wife to the husband.

"If a husband or wife may grant the whole estate to either, then either could do less, and make the other tenant in common in the premises, and, if so, why may not a stranger make them tenants in common? *It would seem that the reason for the peculiar estate known as 'estate by entirety' no longer exists in this state. This view certainly accords best with modern conceptions with respect to the property rights of married women.* At least the separate estate acts should be given the effect to make her tenant in common with her husband in a grant to both, in the absence of any express intention in the deed to convey the whole to the survivor, as in *Railway Co. v. Scott, supra."* (Emphasis added.)

The deed involved in this case was made "unto Thomas Cannady, Jane Cannady, Nancy Maddox and Betsy Maddox," the last named being the grantor herself; and the habendum and warranty clauses extend to these four persons, "their heirs and assigns forever." And the evidence showed that Thomas Cannady and Jane Cannady were husband and wife when the deed was executed. The judgment of the Supreme Court was to the effect that Thomas Cannady and his wife, Jane Cannady, did not take an estate by the entirety, but as tenants in common.

*The last sentence above quoted* from the opinion delivered by Mr. Justice Jones, upon which the respondents mainly rely, was evidently stated as an additional reason for the judgment of the Court in that particular case, for it does indeed appear that at all events Thomas Cannady and his wife, Jane Cannady, did not take an estate by the entirety under the extraordinary deed involved, in which two other grantees were named. But we do not think this dictum can be properly deemed as authority for the view that an expressed intention to convey a tenancy by the entirety is effective to create such an estate, notwithstanding the constitutional complete abrogation of the ancient common law theory of marital oneness, which is the only rational basis for such an estate.

The case of Smith v. Williams, 141 S. C. 265, 139 S. E. 625, 629, 54 A. L. R. 964, relating to a declaration of trust, in-

volved an unsigned memorandum which the Court of course held was ineffective to enlarge the estate granted by a deed; and we quote from the opinion therein, referring to the case of *Green v. Cannady, supra:*

"There is, besides, the question whether an estate by entirety can be created at all under the separate estate acts. *Green v. Cannady,* 77 S. C. 193, 201, 57 S. E. 832, 835. 'At least,' as was said in the Cannady opinion, 'the separate estate acts should be given the effect to make her (the wife) tenant in common with her husband in a grant to both, in the absence of any expressed intention in the deed to convey the whole to the survivor.' "

The later case of *Newberry v. Walker,* 162 S. C. 478, 161 S. E. 100, makes no reference to the case of *Green v. Cannady, supra,* but it was therein held that under the deeds involved, at the time of the death of the wife, she possessed title to an undivided one-half interest in the land, as a tenant in common with her husband.

As we have already indicated, the case of *Green v. Cannady, supra,* related to a deed dated December 25, 1882, and was governed by the provisions of the Constitution of 1868 and the statutes conforming to the same, to which the Court specifically adverted; but of course the provisions of the Constitution of 1895 were not applicable, although in passing the Court made brief reference thereto as follows:

"Through many controversies arising under the act of 1882, the court held that a married woman's right of contract was by that act limited to contracts as to her separate property; but the sweeping provisions of the Constitution of 1895 have unfettered woman as to her right of contract, thus showing the policy of this state in the emancipation of married women from the ancient rules of the common law touching their property rights."

The case before us is, however, determinable pursuant to the provisions of the Constitution of 1895, that is to say, Section 9, Article XVII, thereof, which reads as follows:

"The real and personal property of a woman held at the time of her marriage, or that which she may thereafter acquire, either by gift, grant, inheritance, devise or otherwise, shall be her separate property, and she shall have all the rights incident to the same to which an unmarried woman or a man is entitled. She shall have the power to contract and be contracted with in the same manner as if she were unmarried."

On the other hand, the case of *Green v. Cannady, supra,* was determinable upon the provisions of the Constitution of 1868 and the statutes conforming to the same; and the following is a copy of Section 8, Article XIV, of the Constitution of 1868:

"The real and personal property of a woman, held at the time of her marriage, or that which she may thereafter acquire, either by gift, grant, inheritance, devise, or otherwise, shall not be subject to levy and sale for her husband's debts; but shall be held as her separate property, and may be bequeathed, devised, or alienated by her the same as if she were unmarried: *Provided,* That no gift or grant from the husband to the wife shall be detrimental to the just claims of his creditors."

We think it is manifest that this section was a very valuable progressive measure, but there was no *complete* emancipation of married women, with reference to their property rights, until the adoption of the Constitution of 1895, especially because of the language of the section thereof above quoted to the effect that she shall have all the rights incident to her property to which *an unmarried woman is entitled.*

Let us apply this to the ancient estate of tenancy by the entireties. Under a deed conveying such an estate at common law the wife was seriously restricted in the use and enjoyment thereof during the lifetime of her husband, for there could be no severance or partition. It is true that if the wife outlived the husband she acquired the whole property, but of course this was a matter of speculation; and in the case

at bar the wife predeceased the husband. On the other hand, if the deed had been made to a man and an *unmarried* woman she would unquestionably have taken either an estate in joint tenancy or as a tenant in common, and would have acquired the rights arising from such tenancy.

It follows, therefore, that, if the deed before us be construed as creating a tenancy by the entireties, Mrs. Parks did not acquire thereunder all the rights incident to the property to which an unmarried woman would have been entitled, and that consequently this deed cannot be legally treated as creating a tenancy by the entireties, and that such an estate has been effectually abolished in South Carolina. Incidentally, we may observe that this deed should be considered as creating a joint tenancy between Mr. and Mrs. Parks, and this tenancy having been severed by the death of Mrs. Parks, the estate is distributable as if the same were a tenancy in common. Section 8911, Code 1942.

It occurs to us that perhaps the fundamental fallacy in the order of the trial Judge indicated by the following quotation from the same with reference to the deed involved: "The effect would be the same even though the grantees were not husband and wife." But even when this estate was in vogue in South Carolina, only married couples could acquire an estate by the entireties.

Brief reference will now be made to the authorities from other jurisdictions as set forth in the annotation contained in 141 A. L. R. commencing at page 179; and we quote the following significant language from the preliminary statement:

"This most outstanding incident of an estate by the entireties (its inseverability), rests upon the common-law doctrine of unity of husband and wife. Under the common law, upon marriage, husband and wife become in legal contemplation only one person, *and that person is the husband, the separate legal existence of the wife being merged into the husband.*

"Since this common-law theory of unity between husband and wife is often regarded as inconsistent with and repugnant to our modern ideas of the relation of husband and wife, the question is presented whether constitutional provisions or statutes, enacted for the benefit of married women, in order to remove, wholly or partly, their common-law disabilities, and called 'Married Women's Acts' or 'Married Women's Property Acts' operate so as to abolish, or not to abolish, estates by the entireties." (Emphasis added.)

The annotation in 141 A. L. R. further shows, beginning on page 181, that in 13 States (besides England and Canada) it is held that the emancipation of married women with reference to their property rights has abolished estates by the entireties. Among the States included is that of South Carolina, and we quote the following notation in regard to the same:

"South Carolina.—*Green v. Cannady*, 1907, 77 S. C. 193, 57 S. E. 832 (stating that 'it would seem that the reason for the peculiar estate known as estate by entirety no longer exists in this state')."

The annotation in 141 A. L. R., however, shows, beginning on page 187, that in a majority of the States estates by the entireties have not been abolished, but it will be seen that there is much variation among the decisions, often resulting in considerable limitations upon the original estate by the entireties.

It follows therefore that the trial Judge was in error in sustaining the demurrer to the complaint, and that on the contrary, the same should have been overruled, and the Court should have held that the deed in question created a joint tenancy between Mr. and Mrs. Parks, and this tenancy having been severed by the death of Mrs. Parks, the property is distributable as if the same were a tenancy in common; and consequently that the judgment below should be reversed and the cause remanded for such further proceedings therein as may be necessary or proper, in conformity with this opinion.

TAYLOR, J., concurs.