593 S.E.2d 497

Ernest J. SMITH, Sr., Respondent,

v.

Joanne RUCKER, Appellant.

No. 3733.

Court of Appeals of South Carolina.

Heard Dec. 9, 2003.
Decided Feb. 2, 2004.
Rehearing Denied March 18, 2004.

Thomas B. Bryant, III, of Orangeburg, for Appellant.

S. Jahue Moore and M. Ronald McMahan, Jr., of West Columbia, for Respondent.

HEARN, C.J.:

This case asks us to determine whether an estate owned by Ernest Smith and his wife, Joanne Rucker, is subject to partition. The case was heard by a master-in-equity, who partitioned the property after finding that the parties owned it as joint tenants with rights of survivorship, a cotenancy subject to partition. Wife appeals, arguing the property is not subject to partition because she and her Husband own the property as tenants in common for life with indestructible survivorship rights. We affirm.

## FACTS

Husband and Wife married in June 2000. On August 17, 2000, Wife deeded Husband a one-half interest in her home

and land. The deed contained a granting clause that gave the property to Husband and Wife "for and during their joint lives and upon the death of either of them, then to the survivor of them, his or her heirs and assigns forever in fee simple, together with every contingent remainder and right of reversion." The habendum clause used similar language, providing Husband and Wife owned the property, "for and during their joint lives and upon the death of either of them, then to the survivor of them, his or her heirs and assigns whomever lawfully claiming, or to claim the same, or any party thereof."

Husband filed a complaint in the court of common pleas seeking partition of the subject property, and the case was referred to a master-in-equity. The master granted Husband's motion for summary judgment, finding the parties owned the real property at issue as joint tenants with rights of survivorship. As such, the master held the property could be partitioned pursuant to section 15–61–10 of the South Carolina Code.[1] Wife appeals, arguing the parties owned the property as tenants in common for life with indestructible survivorship rights.

## LAW/ANALYSIS

■ The deed at hand unquestionably creates survivorship rights. The crux of this case is whether those survivorship rights are paired with a tenancy in common and therefore indestructible or whether they are paired with a joint tenancy, in which case the property would be subject to partition at the whim of either party. *See* S.C.Code Ann. § 27–7–40 (Supp. 2002); *Davis v. Davis*, 223 S.C. 182, 75 S.E.2d 46 (1953). We find that the deed created a joint tenancy with rights of survivorship and affirm the master's decision to partition the property.

Section 27–7–40 of the South Carolina Code provides that a joint tenancy with rights of survivorship is conclusively

---

1. Section 15–61–10 states: "All joint tenants and tenants in common who hold, jointly or in common, for a term of life or years or of whom one has an estate for a term of life or years with the other that has an estate of inheritance or freehold in any land, tenements or hereditaments shall be compellable to make severance and partition of all such lands, tenements and hereditaments."

established when a deed grants land to two or more persons "as joint tenants with rights of survivorship, and not as tenants in common." However, this language is not the only means by which joint tenancies are created, but rather is "[i]n addition to any other methods for the creation of a joint tenancy in real estate which may exist by law. . . ." S.C.Code Ann. § 27–7–40 (Supp.2002).

The common law method of creating a joint tenancy requires a conveyance to have four unities: unity of interest, unity of title, unity of time, and unity of possession. *Jenkins v. Jenkins*, 8 S.C.L. (1 Mill) 48 (1817). When a joint tenancy is coupled with a right of survivorship, the right of survivorship can, under certain circumstances, be destroyed by one party acting alone. *See* S.C.Code Ann. § 27–7–40 (Supp.2002). Because survivorship rights often encumber land, our courts require clear, unambiguous, and express language to create a joint tenancy with rights of survivorship and will construe instruments in favor of tenancies in common whenever possible. *Herbemont v. Thomas*, Chev.Eq. 21 (S.C.1839). The reason South Carolina courts favor tenancies in common over joint tenancies is due to "the harsh results of survivorship rights incident to joint tenanc[ies] [which] usually defeated the intention of the grantor." 6 S.C. Jur. *Cotenancies* § 18 (1991). We do not believe this general rule favoring tenancies in common is applicable to cases involving deeds that unequivocally grant rights of survivorship because construing a deed to convey a tenancy in common with a right of survivorship would result in finding an estate that has indestructible survivorship rights and would thereby render the land less rather than more marketable. *See, e.g.,* Harold W. Jacobs, *Cotenancies, Estates of in South Carolina,* 11 S.C.L.Q. 520, 523 (1958) (explaining that South Carolina courts favor estates that do not have harsh survivorship rules).

Although the deed in the instant case does not contain the language suggested by section 27–7–40, it does satisfy the four unities required to create a joint tenancy: both Husband and Wife have the same interest, created by the same conveyance, which commenced at the same time, and they hold the property in undivided possession. Furthermore, the deed clearly and unambiguously grants the right of survivorship, a

distinguishing characteristic of joint tenancies. 6 S.C. JUR. *Cotenancies* § 17 (1991) ("The distinguishing characteristic of joint estates is survivorship."). Thus, we find the language of the deed unambiguously created a joint tenancy with rights of survivorship. *See Lake View Acres Development Co. v. Tindal*, 306 S.C. 477, 479, 412 S.E.2d 457, 458 (Ct.App.1991) ("The main object in construing a deed is to ascertain the intention of the grantor from the language used in the deed.").[2]

In support of her position that the property is not subject to partition, Wife relies on *Davis v. Davis*, 223 S.C. 182, 75 S.E.2d 46 (1953), in which our supreme court recognized indestructible survivorship rights attaching to a tenancy in common. However, in that case, the court was called upon to determine what quantum of estate was created by a deed that purported to create a tenancy by the entirety[3] after such estates were no longer recognized in South Carolina.[4] Here, the deed did not purport to create a tenancy by the entirety. Instead, as explained above, Wife's deed created a joint tenancy by satisfying the four unities required under common law and by unambiguously creating a right of survivorship.

---

2. When the language in a deed is ambiguous, extrinsic evidence is admissible to aid the court in determining the grantor's intentions. *See Bellamy v. Bellamy*, 292 S.C. 107, 111, 355 S.E.2d 1, 3 (Ct.App.1987). Here, extrinsic evidence was unnecessary because we find the language of the deed sufficiently clear to create a joint tenancy with rights of survivorship.

3. Tenancies by the entirety, which were premised on the common law fiction that a man and woman merged into one person upon marriage, were recognized as valid estates in South Carolina until 1907. *Green v. Cannady*, 77 S.C. 193, 57 S.E. 832 (1907). Because of the "unity of person" notion, property conveyed to spouses was automatically deemed a tenancy by the entirety, and as such, neither Husband nor Wife could convey or alienate the property without the other's permission and the surviving spouse was entitled to the entire estate upon the other's death. In *Green v. Cannady*, the supreme court abolished tenancies by the entirety, finding that the Married Woman's Separate Property Acts and the state constitutions of 1868 and 1895 effectively destroyed the fiction that, upon marriage, a couple merged into one, unified person. Instead, the *Green* court held that property titled to both Husband and Wife created a tenancy in common. *Id.* at 197, 57 S.E. at 834.

4. When called upon to determine what quantum of estate the deed actually created, the *Davis* court held that a tenancy in common with

## CONCLUSION

Based on the language of the deed and South Carolina's penchant for construing deeds in favor of marketability, we find Wife's deed created a joint tenancy with rights of survivorship. As a joint tenancy, the property is subject to partition pursuant to section 15-61-10 of the South Carolina Code. Accordingly, the master's decision to partition the property is **AFFIRMED.**

HOWARD and KITTREDGE, JJ., concur.

---

indestructible survivorship rights was created either because the cotenants had "(1) a tenancy in common for life with a contingent remainder in favor of the survivor" or "(2) a tenancy in common in fee simple with an executory limitation in favor of the survivor." *Davis v. Davis*, 223 S.C. 182, 192, 75 S.E.2d 46, 50 (1953). In reaching its decision, the court "approached the question ... by first undertaking to ascertain the intention of the parties...." *Id.* at 185, 75 S.E.2d at 47.In doing this, the court found that the purported creation of a tenancy by the entirety "[threw] some light on the intention to create an indestructible right of survivorship" and that "by adding the phrase 'and the survivor of them,' the parties ... clearly indicated the nature of the estate intended to be created, namely that upon the death of either of the grantees the absolute estate should vest in the survivor." Id. at 191–192, 75 S.E.2d at 50.