597 S.E.2d 850

The ESTATE OF Rosemary C. SHERMAN, By and Through its personal representative, Terry MADDOCK, Appellant,

v.

The ESTATE Of Norman E. SHERMAN, By and Through its personal representative, Joan SNODGRASS, Respondent.

No. 3811.

Court of Appeals of South Carolina.

Heard April 8, 2004.

Decided June 1, 2004.

Catherine West Olivetti, of Bluffton, and G. Richardson Wieters, of Hilton Head Island, for Appellant.

Deborah Ann Malphrus, of Ridgeland, and Jay A. Mullinax, of Hilton Head Island, for Respondent.

HEARN, C.J.:

This appeal arises from a declaratory judgment regarding a deed executed by Rosemary C. Sherman to herself and her husband, Norman E. Sherman. The trial court found the deed effectively created a right of survivorship, and therefore, the subject property belonged in fee simple to Norman's estate. We affirm.

## FACTS

Rosemary was the owner in fee simple absolute of her residence. On June 27, 1985, she conveyed her property to Norman and herself without using an intervening conveyance. The granting clause in the deed reads as follows:

> Rosemary C. Sherman ... do[es] grant, bargain, sell and release unto said Norman E. Sherman and Rosemary C. Sherman for and during their joint lives and upon the death of either of them, then to the survivor of them, his or her heirs and assigns, forever, in fee simple, together with every contingent remainder and right of reversion.

The habendum clause contains similar language.

Rosemary died in February of 2002, predeceasing Norman who died ten days later. Believing the 1985 deed failed to create a joint tenancy because an intervening or "straw man" conveyance was not used, Rosemary's estate ("Appellant") brought this action against Norman's estate ("Respondent") to determine the deed's validity and the nature and extent of the interest it conveyed. Respondent argued that although straw man conveyances were typically used in the past, section 62–2–804 of the South Carolina Code (Supp.2003) applies retroactively to Rosemary's deed and allows an owner to convey property to himself and another in joint tenancy.

The trial judge agreed with Respondent and found that Respondent owned the land in fee simple. This appeal follows.

## STANDARD OF REVIEW

 The issue of title is legal in nature. *Getsinger v. Midlands Orthopaedic Profit Sharing Plan*, 327 S.C. 424, 428, 489 S.E.2d 223, 224 (Ct.App.1997). In an action at law, tried without a jury, the appellate court's standard of review extends only to the correction of errors of law. *Barnacle Broad., Inc. v. Baker Broad., Inc.*, 343 S.C. 140, 146, 538 S.E.2d 672, 675 (Ct.App.2000).

## ISSUES ON APPEAL

I. Whether South Carolina follows the common law with respect to the conveyance of real property in observing the unities of time, title, interest, and possession?

II. Whether the trial court erred in finding that, in 1985, no intervening conveyance was necessary to observe the four unities of time, title, interest, and possession?

III. Whether the trial court erred in retroactively applying section 62–2–804 of the South Carolina Code to a 1985 deed?

## LAW/ANALYSIS

 Appellant argues that because Rosemary did not use an intervening conveyance or straw man to convey the property to herself and Norman, the four unities of title were lacking, and therefore, no valid joint tenancy was created. Appellant asserts that, at most, Rosemary's 1985 deed created a tenancy in common. "The common law method of creating a joint tenancy requires a conveyance to have four unities: unity of interest, unity of title, unity of time, and unity of possession." *Smith v. Rucker*, 357 S.C. 532, 593 S.E.2d 497, 499 (Ct.App.2004) (citing *Jenkins v. Jenkins*, 8 S.C.L. (1 Mill Const.) 48, 52 (1817)). While this court recognizes the common practice of using an intervening conveyance in this type of transfer in order to effectively observe the four unities, we need not reach issues I or II because we find that section 62–

2–804 of the South Carolina Code (Supp.2003) applies retroactively.

Section 62–2–804 provides as follows:

When any person is seized or possessed of any estate of joint tenancy at the time of his death, the joint tenancy is deemed to have been severed by the death of the joint tenant and the estate is distributable as a tenancy in common unless the instrument which creates the joint tenancy, *including any instrument in which one person conveys to himself and one or more other persons, or two or more persons convey to themselves, or to themselves and another or others, expressly provides for a right of survivorship, in which case the severance does not occur.* While other methods for the creation of a joint tenancy may be utilized, an express provision for a right of survivorship is conclusively deemed to have occurred if the will or instrument of conveyance contains the names of the devisees or grantees followed by the words "as joint tenants with right of survivorship and not as tenants in common".

S.C.Code Ann. § 62–2–804 (Supp.2003) (emphasis added). In 1996, the statute was amended to include the language that allows one person to create a joint tenancy by conveying property to himself and one or more other persons, without the use of a straw man. *Id.* That same year, the South Carolina General Assembly also provided that "[t]his act ... applies to joint tenancies created either prior to or after the effective date of the act." *Id.* By its plain language, section 62–2–804 retroactively applies to deeds created prior to its enactment and allows for the creation of a joint tenancy with rights of survivorship without the use of an intervening conveyance.

Appellant argues section 62–2–804 conflicts with section 27–7–40; thus, the trial court erred in applying section 62–2–804 to Rosemary's deed. We disagree. Section 27–7–40 of the South Carolina Code (Supp.2003) states:

In addition to any other methods for the creation of a joint tenancy in real estate which may exist by law, whenever any deed of conveyance of real estate contains the names of the grantees followed by the words "as joint tenants with rights of survivorship, and not as tenants in common" the creation

of a joint tenancy with rights of survivorship in the real estate is conclusively deemed to have been created.

The statute lists the incidents of ownership which amount to joint tenancies and further provides that "[t]he provisions of this section must be liberally construed to carry out the intentions of the parties. This section supersedes any conflicting provisions of Section 62–2–804." S.C.Code Ann. § 27–7–40 (Supp.2003).

Appellant contends section 62–2–804's recognition that one person may create a joint tenancy by a conveyance to himself and another conflicts with section 27–7–40, and therefore, section 27–7–40 controls. Appellant further asserts that section 62–2–804's retroactive application is in conflict with section 27–7–40's prospective application. In essence, Appellant claims that when Rosemary executed the deed in 1985, in order to create a valid joint tenancy, she either had to use the specific language provided in section 27–7–40 or use an intervening conveyance. We disagree, and agree with the trial judge who held that the two statutes are not in conflict. There is simply no provision in section 27–7–40 which conflicts with section 62–2–804's instruction that one person can create a joint tenancy by a conveyance to himself and another without the use of a straw man. Further, we find no provision in section 27–7–40 that conflicts with the retroactivity provision of section 62–2–804.

Based on the above, we find the trial judge properly applied section 62–2–804 retroactively to Rosemary's 1985 deed. Under section 62–2–804, a deed which purports to create a joint tenancy with rights of survivorship will not be severed at the death of one of the joint tenants even if the grantor failed to utilize an intervening conveyance so long as the deed expressly provides for a right of survivorship. The language in Rosemary's deed stating that the property would pass, "upon the death of either of them then to the survivor of them," expressly provides for the right of survivorship. Therefore, applying section 62–2–804 retroactively, we find Rosemary effectively created non-severable rights of survivorship in her 1985 deed. As such, we find the trial judge did not err in giving section 62–2–804 retroactive application and

declaring that the subject property belonged to Respondent in fee simple.

■ Moreover, the result is the same whether the 1985 deed created a joint tenancy or a tenancy in common because Rosemary's intention to create a survivorship benefit will be enforced where it is clearly manifested by the deed. In *Davis v. Davis*, 223 S.C. 182, 75 S.E.2d 46 (1953), a deed to husband and wife purported to create a tenancy by the entirety. A tenancy by the entirety "is essentially a joint tenancy, modified by the common law theory that husband and wife are one person." *Id.* at 185, 75 S.E.2d at 47. The supreme court found that the tenancy by the entirety could not exist. However, because the deed granted the property to husband and wife, as tenants by the entirety, *and the survivor of them,* the supreme court effectuated the right of survivorship. The court stated, "[we] think that by adding the phrase 'and the survivor of them', the parties in this case clearly indicated the nature of the estate intended to be created, namely, that upon the death of either of the grantees the absolute estate should vest in the survivor." *Id.* at 191–92, 75 S.E.2d at 50.

■ Similarly, Rosemary's deed plainly stated that upon the death of one of them, the property would pass "to the survivor of them." Just as the survivorship language in the deed in *Davis* created a survivorship right, we find this language in Rosemary's deed created a survivorship right, regardless of whether the deed created a joint tenancy or a tenancy in common. "It is elementary that the cardinal rule of construction is to ascertain and effectuate the intention of the parties, unless that intention contravenes some well settled rule of law or public policy." *Id.* at 184, 75 S.E.2d at 47. The language in the 1985 deed states Rosemary's intention to create a right of survivorship. *See Rucker,* 357 S.C. at 533–34, 593 S.E.2d 497, 498 (finding a deed granting property to husband and wife "for and during their joint lives and upon the death of either of them, then to the survivor" unquestionably created survivorship rights). Therefore, even if a tenancy in common was created, the language in the deed establishing Rosemary's intention to create a right of survivorship allows the benefit of survivorship to be attached to this estate. As a result, upon Rosemary's death, Norman became the

owner of the property in fee simple absolute. Accordingly, the trial judge properly ruled in favor of Respondent.

## CONCLUSION

We find the 1985 deed created non-severable rights of survivorship and, as such, the trial judge did not err in giving section 62–2–804 retroactive application and declaring that the subject property belonged to Respondent in fee simple. In addition, regardless of whether the deed created a joint tenancy or a tenancy in common, a survivorship benefit still attached to the estate because of the applicable language of intent in the deed. Accordingly, the decision of the trial judge is

**AFFIRMED.**

ANDERSON and BEATTY, JJ., concur.