FREE *ET AL.* v. SANDIFER *ET AL.* ·

(126 S. E., 521)

1. Joint Tenancy—Statute Abolishing Joint Tenancy Inapplicable to Joint Tenants of Unvested Remainder.—Civ. Code, 1922, § .5332, providing that "where any person shall be at the time of

his or her death, seized or possessed of any estate in point tenancy, the same shall be adjudged to be served by the death of the joint tenant, and shall be distributable as if the same were a tenancy in common," *held* inapplicable to alleged joint tenant of unvested remainder.

2. WILLS—RULE AS TO CONSTRUCTION OF WILL IN DETERMINING WHETHER JOINT TENANCY WAS CREATED, STATED.—In ascertaining whether will created joint tenancy, testator's intention will be determined from the will itself by resort to recognized rule of interpretation.

3. WILLS—WILL HELD NOT TO CREATE JOINT TENANCY.—Will creating life estates, with limitation over to children of life tenants, or in case of no children to other parties, without use of words "joint" or "survivor," *held* not to make life tenant's children joint tenants with right of survivorship.

4. WILLS—PARTIAL INTESTACY NOT FAVORED, BUT PREFERRED TO DOCTRINE OF SURVIVORSHIP.—Partial intestacy is not favored, but is preferred to doctorine of survivorship.

Before SEASE, J., Bamberg, April, 1924. Reversed and remanded with directions.

Action by W. E. Free as Executor of the Last Will of Mrs. Sallie Sandifer, deceased, and others against W. T. Sandifer and another. Judgment for defendants and plaintiffs appeal.

*Mr. E. H. Henderson,* for appellants, cites: *Estate of joint tenancy abolished in this State:* Code 1922, Sec. 5332. *Tenancy in common favored:* 3 Rich. Eq., 239; Cheves Eq., 23; 23 Cyc., 485; 38 Cyc., 5; 40 Cyc., 1635; Tiedeman on Real Prop., 239; 3 Am. Leading Cases, 19, 45; 1 Hilliard on Real Prop., 575–6, 585; 4 Kent., 367; 7 R. C. L., 814; 33 C. J., 905; 2 Blackstone, 179–182. *Making and not construing a will:* 26 S. C., 468. *Lapsed estates:* 36 S. C., 308; 9 Rich. Eq., 244; 5 Rich. Eq., 218; 4 Strob. Eq., 180; 40 Cyc., 1929, 1828, 1933.

*Messrs. Brown & Bush,* for respondent, cite: *Joint tenancy:* 7R. C. L., 811. *Survivorship:* 7 R. C. L., 812. *Common law and not Statute:* (Code 1922, Sec. 5332) *applies when an estate in joint tenancy is created, and one or more*

*tenants die in the lifetime of the testatrix:* 2d Strob. Eq., 24; Cheves Eq., 21.

February 12, 1925.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

Mrs. Sallie Sandifer departed this life on August 8, 1923, leaving a will, the third paragraph of which is the subject of this suit, and which is as follows:

"I give, devise and bequeath unto my two grandchildren, Howard B. and Thelma L. Sandifer, children of my deceased daughter, Eva, tract No. 1 as shown by plat made by B. F. Folk, Surveyor, containing one hundred thirty-eight and 3/10 acres, more or less, for and during the term of their natural lives and from and immediately after their death, to their children living and in case they should leave no children living at their death, then the said tract of land to become the property of my other children and grandchildren living at that time."

After making provision for her four children, Viola, Wesley, Leon, and Wayne Sandifer, she then provided for her grandchildren as appears in the quoted paragraph. Howard B. Sandifer, one of the grandchildren, died on July 10, 1923, but because of the critical condition of Mrs. Sallie Sandifer, the testator, she was never informed of this fact, and died in ignorance thereof.

The personal property being insufficient to pay the debts of the deceased, this action was brought alleging that one-half of tract No. 1 was owned by Viola, Wesely, Leon, Wayne, and Thelma Sandifer, heirs of the testatrix, as tenants in common; that the said tract be divided, one-half being set apart to Thelma, under the terms of the will, and the other half be sold for the payment of the debts of the testatrix. It is conceded that the land may be divided in kind.

Thelma Sandifer, one of the defendants, answered the complaint, alleging that she and her brother, Howard, were joint tenants of the entire tract, and that upon the death of Howard the doctrine of survivorship applied to the extent of making Thelma the sole owner under the terms and conditions of the will. Did it create a joint tenancy as between Thelma and Howard, or did Mrs. Sandifer die intestate as to the half devised to Howard, he having predeceased her?

The cause was referred to the Acting Master of Bamberg County, who reported that the testatrix died intestate as to Howard's half, and that said half should be sold for the payment of debts, etc. Upon appeal from this report, his Honor, Judge Sease, reversed the same, holding the creation of a joint tenancy, and from this decree an appeal was taken to this Court.

The doctrine of joint tenancy with its attending feature of survivorship dates back to the early English law, and was for many years highly favored in England. In later years it has lost much of its favor in England, and practically all of it in the United States. By the Act of 1791, now Section 5332 of the Code, joint tenancies were largely abolished in South Carolina. However, this Act does not apply to the present case, for the reason that the interest of Howard never vested. See *Ball v. Deas,* 2 Strob. Eq., 24; 49 Am. Dec., 651, and *Herbemount v. Thomas,* Cheves, Eq., 21. These two cases, relied upon by the Circuit Judge as being controlling of the question now under consideration, will be referred to later in this opinion.

That the modern tendency is to restrict the creation of joint tenancies and to abolish the idea of survivorship is clearly shown in all of the textbooks, and in the following citations: 7 R. C. L., 813; 33 C. J., 905; 23 Cyc., 485. Practically all of the States have enacted legislation against the doctrine of survivorship, as will appear from the foregoing citations. As in all other ques-

tions involving the construction of wills, resort must be had to the will itself in an effort to discover the intention of the testator as to whether or not a joint tenancy was intended; such intention, however, to be governed by recognized rules of interpretation.

In the case of *Telfair v. Howe*, 3 Rich. Eq., 235; 55 Am. Dec., 637, Chancellor Dargan discussed this question in a very able manner, as the following extracts from his opinion will reveal:

"The estate in joint tenancy presents some of the most artificial rules of subtle distinctions of the ancient common law. It was once highly favored in England (Master of the Rolls in *Morely v. Bird,* 3 Ves., 630), doubtless for reasons that were feudal in their character, and influential in their day; but which have long since ceased to operate. For whatever may have been the causes which led to the origin of this estate, or which recommended it to our rude and warlike ancestors of the feudal period, it is undeniable that, at this day, it has grown into disfavor in English and American Courts; more especially in Courts of Equity. * * *

"I have before adverted to the tendency, or leaning (as the phrase is) of Courts in modern times—particularly Courts of Equity—to avail themselves of any strong equitable circumstances, or of any words employed by the testator in his will, that would imply a severance, to give such a construction, as would make the estate a tenancy in common, and not a joint tenancy. It is always a question of construction, and the object is to get at the intention of the testator, which must, however, be done in conformiy with established rules of interpretation. The right of survivorship, as I have said, in almost every instance defeats the intention, and if the Court can perceive, either in the words or implication of the will, an intention not to create a joint tenancy, it will carry that intention into effect."

It seems perfectly clear from the wording of the will that a joint tenancy with the right of survivorship was never intended by the testatrix. The word "joint", as to the ownership, was not mentioned, nor is the word "survivor" to be found in the will. Both of these are apt words for the creation of an estate in joint tenancy. But stronger still is the intention demonstrated by the limitation of the estate after the falling in of the life estate. The omission of apt words may be considered negative reasoning, but the words creating the remainder are positive.

If the devise in the present case had stopped after the granting of the life estate, then the rule in *Ball v. Deas* and *Herbemont v. Thomas,* both *supra,* might have been successfully invoked, as both of those cases disclose no effort on the part of the testator to impose any manner of limitation. In the present case, however, there is a limitation over, first to the children of the life tenants, and then, in case of no children, to other parties. Surely the testatrix did not intend that the children of Howard, should any be born to him, should be compelled to await the death of Thelma before coming into possession of their remainder, if Thelma lived 30 or 40 years after the death of Howard. Her evident intention was that the remainder should vest immediately upon the death of either life tenant. Even in the *Herbemount Case,* the Court says:

"Under the inclination to prefer constructions favorable to tenancies in common, the Courts have habitually laid hold of the slightset words evincive of an intention to create a severance."

As further assurance of the weakness of estates in joint tenancy, reference is hereby made to Section 5292 of the Code of 1922, which permits partition of property held by joint tenants. It appearing, therefore, that no estate of joint tenancy was created by the will of Mrs. Sandifer, it is important to determine what became of the interest de-

vised to Howard. In *Rivers v. Rivers,* 36 S. C., at page 308; 15 S. E., 139, the Court says:

"The decisions of our State are uniform on the subject of the distribution of estates provided in the will for persons who are not in being when the will operates. They are said to lapse, and being vested by operation of law in the heirs at law and distributees of the testator, are distributable under the statutes of this State regulating the same."

See, also, *Coffin v. Elliott,* 9 Rich. Eq., 244. *Perry v. Logan,* 5 Rich. Eq., 218 . *Hatcher v. Robertson,* 4 Strob. Eq., 180.

It is true that partial intestacy of estates is not favored in the eyes of the law, but, as expressed in the *Herbemont Case, supra,* it is preferred to the doctrine of survivorship.

It is the judgment of this Court that the decree of the Circuit Court be reversed, and the cause remanded to the Circuit Court for Bamberg County, in order that the recommendations of the Acting Master may be made effective.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.