623 S.E.2d 644

**Ernest SMITH, Jr., as personal representative of the Estate of Ernest J. Smith, Sr., Respondent,**

v.

**Verne E. CUTLER, as Personal Representative of the Estate of Joanne Rucker Smith, Petitioner.**

No. 26085.

Supreme Court of South Carolina.

Heard Oct. 18, 2005.
Decided Dec. 19, 2005.

Thomas B. Bryant, III, of Bryant, Fanning & Shuler, of Orangeburg, for Petitioner.

S. Jahue Moore and M. Ronald McMahan, both of Moore, Taylor & Thomas, PA, of West Columbia, for Respondent.

Chief Justice TOAL:

This is an action for partition of real property, brought on behalf of Ernest J. Smith, Sr. (Respondent) against his wife

Joanne Rucker Smith (Petitioner). The court of appeals held that Petitioner and Respondent owned the property as joint tenants with a right of survivorship and that the property was subject to partition. We reverse.

## Factual / Procedural Background

On August 17, 2000, Petitioner deeded a share in a parcel of land to her husband, Respondent. The deed, executed shortly after their marriage, granted Respondent an undivided one-half interest in the property.[1] The deed granted the property to Petitioner and Respondent "for and during their joint lives and upon the death of either of them, then to the survivor of them, his or her heirs and assigns forever in fee simple...." Identical language was used in the deed's habendum clause.

Due to conflict between the families, Respondent's family instituted an action for partition. Respondent became incapacitated and Respondent's son, acting on behalf of Respondent, brought the partition action. At the time the action was instituted, Petitioner and Respondent were married and no act, such as filing for divorce, inconsistent with the intent to remain married had been taken. A successful partition action would result in a forced sale of the property which had been Petitioner's home since 1958.

The case was referred to the master-in-equity. Respondent moved for summary judgment and the motion was granted. In granting summary judgment, the master found that the deed conveyed the shared interest to the parties as joint tenants with a right of survivorship. As a result, the master relied on S.C.Code Ann. § 15–61–10 (2005) to find that the property was subject to partition.[2] The court of appeals

1. Petitioner, a woman in her seventies, and Respondent, a man in his eighties, married in June 2000. The property at issue was bought by Petitioner and owned by her most of her adult life. No other person owned an interest in the property until after the marriage when Petitioner deeded a share to Respondent. According to Petitioner's testimony, she wanted to make sure that if she were to predecease Respondent that he would get the property.

2. S.C.Code Ann. § 15–61–10 states that "[a]ll joint tenants and tenants in common who hold, jointly or in common .... shall be compellable

affirmed the master's decision, holding that the deed conveyed the property to the parties as joint tenants with the right of survivorship and that the estate was subject to partition. Petitioner appealed. This Court granted certiorari to review the following issue:

Did the deed convey the shared interest in the estate to the parties as tenants in common with a right of survivorship, which is an estate that is not subject to partition?

## LAW / ANALYSIS

Petitioner argues that the deed at issue creates a tenancy in common with an indestructible right of survivorship. We agree.

Although joint tenancies were favored in early common law, they have fallen into disfavor. *See* Harold W. Jacobs, Note, *Cotenancies, Estates of in South Carolina,* 11 S.C.L.Q. 520, 521–535 (1959) (explaining the movement away from construing deeds in favor of granting joint tenancies). In South Carolina, documents conveying a shared interest in property have generally been construed in favor of tenancies in common. *Herbemont v. Thomas,* 15 Chev. Eq. 21 (S.C. 1839). Courts began favoring tenancies in common over joint tenancies because the harsh results of survivorship rights often encumbered the land and defeated the intention of the grantor. *Free v. Sandifer,* 131 S.C. 232, 236, 126 S.E. 521, 522 (1925).

However, in 1953, this Court created a shared interest in property referred to as a tenancy in common with a right of survivorship. *Davis v. Davis,* 223 S.C. 182, 191–92, 75 S.E.2d 46, 50 (1953). The Court created the estate of tenancy in common with a right of survivorship because South Carolina did not permit husband and wife to hold property as tenants by the entirety.[3] *Id.* The Court in *Davis* opined that by adding the phrase "and the survivor of them," the parties clearly indicated that upon the death of either of them the

---

to make severance and partition of such lands, tenements and hereditaments."

**3.** The Married Women's Property Act was construed to abolish tenancy by the entirety. *See Davis,* 223 S.C. at 189, 75 S.E.2d at 49.

absolute estate should vest in the survivor. *Id.* at 191, 75 S.E.2d at 50. The Court stated that while a right of survivorship is not incident to a tenancy in common, the parties may create one if they so desire. *Id.* The Court explained that:

It has been said that great care must be exercised in construing conveyances to two or more persons and to the survivor or survivors of them. If the intention was to create a tenancy in common for life, with cross remainders for life, with remainder in fee to the ultimate survivor, a joint tenancy would not accomplish the purpose because the right of survivorship may be defeated by a conveyance by any joint tenancy [sic] *but the vested cross-remainders and, in general, the contingent ultimate remainders are indestructible.* Thus, not all instruments which provide that the survivor of a group will ultimately take the fee in severalty contemplate a joint tenancy; *the intention may be to create a true future interest by way of a remainder or an executory limitation.* (citation omitted) (emphasis added).

*Davis,* 223 S.C. at 187, 75 S.E.2d at 48. As noted from the excerpt above, the Court held that the future interests created by a tenancy in common with a right of survivorship were indestructible—i.e. not subject to defeat by the unilateral act of one cotenant. *Id.*

In 2000, the legislature created, by statute, the estate of joint tenants with a right of survivorship. The Code directs that:

[i]n addition to any other methods for the creation of a joint tenancy in real estate which may exist by law, whenever any deed of conveyance of real estate contains the names of the grantees followed by the words "as joint tenants with rights of survivorship, and not as tenants in common" the creation of a joint tenancy with rights of survivorship in the real estate is conclusively deemed to have been created.

S.C.Code Ann. § 27–7–40 (Supp.2004).

This Court recognizes that the two estates at issue have many similar characteristics. However, unlike a tenancy in common with a right of survivorship, a joint tenancy with a right of survivorship is capable of being defeated by the unilateral act of one joint tenant. *See* S.C.Code Ann. § 27–7–40(a)(v), (vii), and (viii) (depicting actions that can be taken by

one joint tenant to effectively sever the joint tenancy). Further, property held in joint tenancy is subject to partition. S.C.Code Ann. § 15–61–10 (2005) (stating that all joint tenants may be compelled to partition). In contrast, a tenancy in common with a right of survivorship cannot be defeated by the act of one tenant absent the agreement of the other tenant.

 We note at the outset that § 27–7–40 cited above and relied on by the court of appeals, creating a joint tenancy with a right of survivorship, was not enacted until after the deed in the current case was executed. As a result, the parties to the deed could not have intended to take advantage of the statute creating the estate of joint tenancy with a right of survivorship. However, the estate of joint tenancy still existed in South Carolina, but as previously noted this Court construed documents in favor of tenancies.[4]

 In the present case, the language of the deed clearly indicates that the parties intended to create a right of survivorship. However, the question before this Court centers on the type ownership held by both husband and wife and whether the property is subject to partition.

 We hold that the use of the phrase "for and during their joint lives and upon the death of either of them, then to the survivor of them" indicates an intention of the parties to share a tenancy in common for life, with cross remainders for life, with remainder in fee to the ultimate survivor. The deed here conveyed a true future interest in the property to the survivor of the two. This is distinct from a joint tenancy, where the full estate is vested immediately and one of the parties could end the joint tenancy. However, with a tenancy in common with a right of survivorship the property will go only to the survivor of the parties and the future interest does not vest until the death of one of the co-owners. We further

---

4. Petitioner contends that joint tenancy has been abandoned in South Carolina. While courts have moved away from construing language in conveyances in favor of a joint tenancy, joint tenancy has not been entirely abolished. Joint tenancy was disfavored as a rule of construction, but has existed and continues to exist today. *See Herbemont v. Thomas,* 15 Chev. Eq. 21 (S.C.1839); *Ball v. Deas,* 2 Strob. Eq. 24 (S.C.1848) (finding that language in a deed created a joint tenancy between the parties to the deed).

hold that this conveyance does not unreasonably prevent the alienation of the property because the restriction exists only until the first tenant in common dies.

As a result, the court of appeals erred in holding that the property was subject to partition.

## CONCLUSION

Based on the above reasoning, we reverse the court of appeals. The deed in the present case created a tenancy in common with a right of survivorship. Under *Davis*, the survivorship rights between tenants in common create true future interests in the entire estate that cannot be destroyed by the unilateral act of one tenant through an act such as partition.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.