**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-1772**

─────────────

In Re:  GINA ANASTI LEE,

        Debtor.

----------------------

GINA ANASTI LEE, on behalf of the bankruptcy estate,

        Plaintiff - Appellant,

      v.

JAMES ANASTI,

        Defendant – Appellee,

     and

WILLIAM K. STEPHENSON, JR.,

        Trustee.

─────────────

**No. 10-1774**

─────────────

In Re:  GINA ANASTI LEE,

        Debtor.

----------------------

GINA ANASTI LEE, on behalf of the bankruptcy estate,

        Plaintiff - Appellant,

                    v.

JAMES ANASTI,

                    Defendant – Appellee,

          and

WILLIAM K. STEPHENSON, JR.,

                    Trustee.

_____

Appeals from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., District Judge.  (3:10-cv-00626-JFA; 3:10-cv-00196-JFA)

_____

Submitted:  October 17, 2011          Decided:  January 6, 2012

_____

Before SHEDD and DUNCAN, Circuit Judges, and William L. OSTEEN, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Tony R. Megna, Columbia, South Carolina, for Appellant.  Steven B. Licata, LAW OFFICE OF STEVEN B. LICATA, PC, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gina Anasti Lee ("Lee") appeals the orders of the district court affirming two separate orders issued by the United States Bankruptcy Court for the District of South Carolina. Both orders arise from the same bankruptcy case, In re Lee, Ch. 13 Case No. 09-02854 (Bankr. D.S.C. filed Apr. 16, 2009), but were addressed by the district court in two separate appeals from the bankruptcy court: (1) In re Lee, No. 3:10CV00196, 2010 U.S. Dist. LEXIS 44693 (D.S.C. May 6, 2010) (hereinafter "196 Case") and (2) In re Lee, No. 3:10CV00626, 432 B.R. 212 (D.S.C. 2010) (hereinafter "626 Case"). In the 196 Case, Lee appeals the district court's order affirming the bankruptcy court's decision to grant appellee, James Anasti ("Anasti"), relief from the stay imposed by 11 U.S.C. § 362. In the 626 Case, Lee appeals the district court's order affirming the bankruptcy court's dismissal of Lee's adversary complaint in which Anasti was named as a defendant. These two related appeals have been consolidated before this court. For the reasons set forth below, we affirm the grant of relief from the stay, affirm the dismissal of Lee's avoidance action, and dismiss the remainder of the appeal.

I.

This appeal arises from what originally began as a real property dispute in South Carolina state court between a sister (Lee) and brother (Anasti) over real property located at 2325 Two Notch Road in Columbia, South Carolina ("the Property"). In 1978, the then-owner of the Property, Laura Corvi, deeded the Property to Anasti and the parties' father, Albert Anasti, as tenants in common with right of survivorship. J.A. 56.

Although James Anasti held an interest in the Property by virtue of his right of survivorship, Albert Anasti devised the Property to Lee in his will. J.A. 62. Albert Anasti died in 1995, and, subsequently, a South Carolina probate court found Lee to have inherited the Property in accordance with Albert Anasti's will. Id.

In 2000, Lee sold the Property to Lance Wilson and Willis Goodwin[1] "by way of 'owner financing.'" J.A. 57. A title dispute then arose between Lee and the purchasers; Anasti was not a party to that action. Following this dispute, and as a result of a related condemnation proceeding (see J.A. 55), Anasti filed a state court action in 2007 to quiet title to the Property. See Anasti v. Wilson, 2007-CP-40-0576 (S.C. Ct.

---

[1] Wilson and Goodwin were named as defendants in the state court litigation, but are not parties to the adversary proceeding in bankruptcy court described hereinafter.

4

Common Pleas Oct. 26, 2007) (the "state court action") (order granting partial summary judgment) (J.A. 55); J.A. 182. In this state court action, Anasti asserted his interest to the Property through the original deed from Corvasi, while Lee claimed to have acquired superior title to the Property through adverse possession under color of title. J.A. 56, 59. The state trial court granted summary judgment in favor of Anasti on October 26, 2007, finding that Lee had not acquired title through adverse possession and that the Property is "the exclusive real property of [Anasti]." J.A. 64.

In January 2008, Lee appealed the trial court's decision to the South Carolina Court of Appeals, which remanded the case to the trial court for a determination of whether Lee's appeal was timely filed. See Anasti v. Wilson, 2011 S.C. App. Unpub. LEXIS 204, at *1 (S.C. Ct. App. Apr. 28, 2011). The state trial court conducted an evidentiary hearing and thereafter held that Lee's appeal was not timely filed. Id. Before the South Carolina Court of Appeals issued its final ruling, however, Lee filed for bankruptcy under Chapter 7. J.A. 190-91. After initially dismissing and then reinstating the appeal, the South Carolina Court of Appeals "issued an order holding the appeal in abeyance pending a final decision in the bankruptcy proceedings." J.A. 191.

On June 22, 2009, the Chapter 7 trustee filed a "Report of No Distribution" in which she found that no property was available for distribution from the estate. J.A. 90. Lee then converted the bankruptcy case to Chapter 13. J.A. 45-46. Thereafter, Anasti moved the bankruptcy court pursuant to 11 U.S.C. § 362(d)(1) to lift the automatic stay to permit the state appeals process to continue. J.A. 48. Concurrently, Lee filed an adversary proceeding under 11 U.S.C. §§ 1303 and 1306, seeking to recover the Property. See Compl., Lee v. Anasti, No. 09-02854 (Bankr. D.S.C. Aug. 20, 2009) (J.A. 111). The claims set forth in Lee's adversary complaint were similar to those asserted in the state court action; both cases were grounded in theories of adverse possession or related claims. See generally Order Granting Partial Summ. J. (J.A. 55-64); Compl., Lee v. Anasti, No. 09-02854 (Bankr. D.S.C. Aug. 20, 2009) (J.A. 124-28). Specifically, in her adversary complaint, Lee requested that the bankruptcy court declare that she held title to the Property based on claims of adverse possession, laches, estoppel, and staleness. J.A. 124-28. The complaint also included an avoidance action brought pursuant to 11 U.S.C. § 544(a). J.A. 129.

After Anasti filed his motion seeking relief from the stay and Lee filed her adversary complaint, the bankruptcy court

6

issued the two separate orders that are the subject of this appeal. The first order granted Anasti's motion for relief from the stay (J.A. 196); that order was appealed to the district court in the 196 case. The second order dismissed Lee's adversary complaint (J.A. 228); that order was appealed to the district court in the 626 case.[2] The district court affirmed both of the bankruptcy court's orders. J.A. 185, 217.

After the stay was lifted, the state court appeals process continued, and on April 28, 2011, the South Carolina Court of Appeals dismissed Lee's appeal as untimely. Anasti v. Wilson, 2011 S.C. App. Unpub. LEXIS 204, at *2 (S.C. Ct. App. Apr. 28, 2011). The Supreme Court of South Carolina then denied Lee's petition for writ of certiorari. Anasti v. Wilson, 2011 S.C. LEXIS 338, at *1 (S.C. Oct. 5, 2011). The state court litigation concluded while this appeal was pending; both parties acknowledged in supplemental pleadings the final order of the Supreme Court of South Carolina denying certiorari. See Supp. Br. of Appellant at 2; Supp. Br. of Appellee at 1.

In this appeal, Lee argues that the district court erred in affirming both the bankruptcy court's decision to grant relief from the stay and its decision to dismiss her adversary

---

[2] The bankruptcy court also denied Lee's motion to amend her complaint in the adversary proceeding without prejudice to her right to renew the motion upon conclusion of the state court proceedings. J.A. 228 n.4.

7

complaint. We first address the issue of whether the district court erred in affirming the bankruptcy court's decision to grant relief from the stay.

## II.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(d), which "allows us to review 'final decisions' by the district court when it acts in its bankruptcy appellate capacity." Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 864 n.4 (4th Cir. 2001). An order granting or denying relief from the automatic stay is final and appealable. See id. at 864 ("[T]he denial of relief from the automatic stay is a final, appealable order."); Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.), 129 F.3d 1052, 1054 (9th Cir. 1997) ("Orders granting or denying relief from the automatic stay are deemed to be final orders."); In re Sonnax Indus., 907 F.2d 1280, 1283 (2d Cir. 1990) ("All seem to agree that orders lifting the automatic stay are final.").

### a.

"We review the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court." Logan v. JKV Real Estate Servs. (In re Bogdan), 414 F.3d 507,

510 (4th Cir. 2005) (citing <u>Devan v. Phoenix Am. Life Ins. Co.</u> <u>(In re Merry-Go-Round Enters.)</u>, 400 F.3d 219, 224 (4th Cir. 2005)). "Specifically, 'we review the bankruptcy court's factual findings for clear error, while we review questions of law <u>de novo</u>.'" <u>Id.</u> (quoting <u>Loudoun Leasing Dev. Co. v. Ford Motor</u> <u>Credit Co. (In re K & L Lakeland, Inc.)</u>, 128 F. 3d 203, 206 (4th Cir. 1997)).

In this case, the district court, employing the same reasoning as the bankruptcy court below, found that the automatic stay was properly lifted under 11 U.S.C. § 362(d)(1). "A decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." <u>In re Robbins</u>, 964 F.2d 342, 345 (4th Cir. 1992).

11 U.S.C. § 362(d)(1) provides that a court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Because the statute does not define cause, "courts must determine when discretionary relief is appropriate on a case-by-case basis." <u>In re Robbins</u>, 964 F.2d at 345.

> The court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied . . . . The factors that courts consider in deciding whether to lift the automatic stay include (1) whether the issues in the pending litigation involve only state law, so

9

the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Id. (citation omitted).

In its order granting Anasti relief from the stay, the bankruptcy court identified the standards set forth in Robbins and concluded that cause to grant relief existed under 11 U.S.C. § 362(d)(1). J.A. 192-94. With regard to the first and second factors set forth in Robbins, the bankruptcy court found that "[t]he determination of title to the Property and the nature and extent of [Lee's] interest is an issue of state law that has already been litigated in and addressed by the lower state court." J.A. 195. The court also found that the third factor had been met, noting that Anasti did "not seek authority to pursue any action or liability against [Lee] beyond a determination of title to the Property in the state court proceedings." Id. The court found that allowing the state court proceedings to continue would avoid "unnecessary duplication of efforts" and that the debtor would not be prejudiced by the court's refusal to relitigate the issue. Id.

10

In affirming the bankruptcy court's order granting relief from the stay, the district court also applied Robbins and held that "the bankruptcy court rightly deferred to the courts of South Carolina in abstaining, on grounds of comity . . . . South Carolina courts possess particular expertise in interpreting South Carolina property law." J.A. 184. The court additionally noted that, because the quiet title action involved only the application of state law, the bankruptcy court's expertise would not be utilized. Id. The court concluded that allowing Lee "to pursue identical litigation in the bankruptcy court would be highly duplicative." Id.

b.

Lee does not challenge the facts found by the bankruptcy court. The findings of fact that both the bankruptcy court and district court relied upon accurately reflect the procedural and substantive history of the state court litigation and the bankruptcy proceedings. Instead, Lee's objections are directed to the lower court's application of 11 U.S.C. § 362(d) and Robbins to Anasti's motion seeking relief from the stay.

Bearing in mind that "Congress . . . has granted broad discretion to bankruptcy courts to lift the automatic stay to permit enforcement of rights against property of the estate" Claughton v. Mixson, 33 F.3d 4, 5 (4th Cir. 1994), we find that

11

the bankruptcy court did not abuse its discretion in granting Anasti's motion to lift the stay pursuant to 11 U.S.C. § 362(d)(1). Each of the Robbins factors supports the bankruptcy court's exercise of discretion.

The first factor identified in Robbins, "whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary," clearly supports the decision to lift the stay. The state court litigation involved only issues of state real property law, rendering the expertise of the bankruptcy court unnecessary. Notably, real property law is an area in which federal courts are especially deferential to state courts. See Dayton & M. R. Co. v. Comm'r, 112 F.2d 627, 630 (4th Cir. 1940) (noting that even prior to Erie R. Co. v. Tompkins, it was "well settled that we were bound by state decisions as to rights of property and other matters of local law"); Warburton v. White, 176 U.S. 484, 496 (1900).

The second factor identified by Robbins, "whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court," also supports lifting the stay. The state court litigation had been ongoing for over two years and was

12

near finality in the South Carolina Court of Appeals when Lee filed for bankruptcy under Chapter 7. Lifting the stay thus promoted judicial economy; the bankruptcy court's order permitted the conclusion of an adjudication of real property issues in the South Carolina courts in lieu of relitigation of those same issues in bankruptcy court.

With respect to the third Robbins factor, Lee was afforded adequate protection in the bankruptcy proceeding because of her ability to seek subsequent relief if she were to succeed on appeal in state court. J.A. 195. In summary, all three factors identified by Robbins heavily weigh in favor of lifting the stay.

Lee argues that in granting Anasti's motion to lift the stay, both the bankruptcy court and the district court improperly failed to consider that the bankruptcy estate was not a party to the state court proceeding. Lee contends that lifting the stay deprived the bankruptcy estate of due process because the estate has not been provided an opportunity to be heard on the issue of ownership of the Property. See Appellant's Br. at 43-45. Specifically, Lee argues, "If Appellee prevails in the state-court appeal, he has free and clear title - and the bankruptcy estate (as opposed to the individual Debtor) never has the opportunity to present its

claims to the property, and is never heard by any court." Id. at 45 (emphasis in original).

Lee's arguments in this regard are not persuasive, as Lee misinterprets her position in relation to the bankruptcy estate and the Property. Any interest of the bankruptcy estate in the Property is derived from Lee's right in the Property. The bankruptcy estate's claim is not greater than Lee's claim. Cf. Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron), 155 F.3d 718, 721 (4th Cir. 1998) (noting that a trustee may "take no greater rights [in property] than the debtor himself had") (internal quotation marks omitted). Furthermore,

> [p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a windfall merely by reason of the happenstance of bankruptcy.

Butner v. United States, 440 U.S. 48, 55 (1979).

Lee does not offer any facts that suggest the bankruptcy estate held a better, or different, claim to the Property than Lee held. Nor does Lee point to any additional facts she would have presented in the bankruptcy court had the stay remained in effect. Instead, Lee contends that the order lifting the stay

14

deprived the bankruptcy estate of any opportunity to be heard as to any claim it might have to the Property. The claims of Lee and the bankruptcy estate, however, are the same for the purpose of determining the parties' respective rights to the Property, and "there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Butner, 440 U.S. at 55. Because Lee's interest in the Property is analyzed under the same standard whether the bankruptcy estate is a party in interest or not, Lee's arguments fail to demonstrate why the bankruptcy estate's interest, or its rights in the Property, are not effectively advanced by Lee individually, or more pointedly, why the bankruptcy estate should be required to relitigate those claims already asserted and litigated by Lee.

Regardless, even if due process did require that the estate be given an opportunity to state a claim to the Property, the estate has chosen not to do so after notice and an opportunity to be heard. The Chapter 7 trustee filed a Report of No Distribution stating that no property was available for distribution from the estate. J.A. 182-83. Additionally, the Chapter 13 trustee did not oppose modification of the stay to allow the state court appeals process to continue. J.A. 191.

15

Finally, the fact that the bankruptcy estate chooses not to participate in, or pursue, Lee's claim to the Property in the pending state court action does not pose a barrier to future enforcement of a final state court judgment as to all those in privity with Lee. A judgment in a prior case may properly act as a bar to relitigation in a later proceeding. See, e.g., First Union Commer. Corp. v. Nelson, Mullins, Riley, & Scarborough (In re Varat Enters.), 81 F.3d 1310, 1314-17 (4th Cir. 1996).

Accordingly, we find that the bankruptcy court and the district court properly considered and applied the relevant factors under Robbins and provided a reasoned basis for finding that each factor had been met. The bankruptcy court did not abuse its discretion in granting Anasti relief from the stay pursuant to 11 U.S.C. § 362(d)(1). We therefore affirm the district court's order affirming the bankruptcy court's decision to grant relief from the stay.

III.

We now turn to Lee's appeal of the district court's order affirming the bankruptcy court's dismissal of the adversary proceeding. Lee's adversary complaint contains four causes of action. The first cause of action is a state-law adverse

16

possession claim (J.A. 124-27); the second cause of action asserts the state-law doctrines of laches, estoppel, and staleness (J.A. 127-28); the third cause of action requests that the court issue an order demanding the sale of the Property for the benefit of the estate[3] (J.A. 129); and the fourth cause of action is an avoidance action under 11 U.S.C. § 544(a) (J.A. 129-30). The bankruptcy court dismissed the avoidance action brought pursuant to 11 U.S.C. § 544(a) for lack of standing and dismissed the other state-law claims based on comity and judicial economy. J.A. 226-27. We will first address the § 544(a) avoidance action before turning to the state-law claims.

a.

The dismissal of an adversary proceeding is a final appealable order under 28 U.S.C. § 158(d). See In re Moody, 825 F.2d 81, 85 (5th Cir. 1987) ("[I]t is generally held that a separate adversary proceeding within the framework of the overall bankruptcy case is an appropriate 'judicial unit' for determining finality."). We thus have jurisdiction to review the dismissal of Lee's avoidance action.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[3] Because Lee may only succeed on this claim if she succeeds on at least one of the other claims, this cause of action must be dismissed if the first, second, and fourth claims are all dismissed.

17

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. A court may consider collateral estoppel at the motion to dismiss stage of litigation. See, e.g., Aliff v. Joy Mfg. Co., 914 F.2d 39, 44 (4th Cir. 1990) (affirming a district court's use of collateral estoppel in granting a motion to dismiss); see also Blue Tree Hotels v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss").

Lee's fourth cause of action was brought pursuant to 11 U.S.C. § 544(a). The complaint alleges that the state court judgment in favor of Anasti was rendered unenforceable by the automatic stay provisions of 11 U.S.C. § 362(a). J.A. 129. The complaint also asserts in conclusory fashion that "Section 544(a) creates a legal fiction of a transfer from the debtor to a bona fide purchaser on the date of filing, thereby clothing the trustee in whatever legal rights a bona fide purchaser would

18

possess." J.A. 130 (quoting In re Houston, 409 B.R. 799, 807 (Bankr. D.S.C. 2009)).

In dismissing Lee's fourth cause of action, the bankruptcy court held that a Chapter 13 debtor lacks standing to pursue an avoidance action under 11 U.S.C. § 544(a). J.A. 226-27. Because the state court judgment has become final, however, collateral estoppel applies and Lee is now bound by that judgment.[4] We therefore affirm the bankruptcy court's dismissal of Lee's avoidance action on the basis of collateral estoppel.

After the bankruptcy court dismissed Lee's adversary complaint, and during the pendency of this appeal, the South Carolina Court of Appeals dismissed Lee's state court appeal and the Supreme Court of South Carolina denied her writ of certiorari. The parties filed these judgments and have addressed their effect on this court in supplemental briefs. See Supp. Br. of Appellant at 2-3; Supp. Br. of Appellee at 1-2. We find that the state court judgment in favor of Anasti is now final and binding on Lee pursuant to 28 U.S.C. § 1738.

---

[4] Neither the bankruptcy court nor the district court had the benefit of the final state court judgment and therefore neither addressed this issue. However, because we "can affirm on any basis fairly supported by the record," Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 222 (4th Cir. 2002), we can affirm the bankruptcy court's dismissal of Lee's avoidance action based on the final state court judgment.

19

"The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts . . . to give state judicial proceedings 'the same full faith and credit . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 519 (1986) (quoting 28 U.S.C. § 1738). In determining the preclusive effect of a state court judgment under the Act, federal courts must look to the law of the state in which the judgment was entered. Id. at 523; see Heckert v. Dotson (In re Heckert), 272 F.3d 253, 257 (4th Cir. 2001) ("A federal court, as a matter of full faith and credit, under 28 U.S.C. § 1738, must give a state court judgment the same preclusive effect 'as the courts of such State' would give."); Empire Funding Corp. v. Armor, No. 99-1529, 2000 U.S. App. LEXIS 26405, at *5-9 (4th Cir. Oct. 20, 2000) (applying this principle in the context of a bankruptcy proceeding filed after the entry of a final state court judgment).

The Supreme Court of South Carolina has stated the following with regard to collateral estoppel:

> [W]hen an issue has been actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action whether on the same or a different claim. The doctrine may not be invoked unless the precluded party has had a full and fair opportunity to litigate the issue in the first action.

20

Zurcher v. Bilton, 379 S.C. 132, 135, 666 S.E.2d 224, 226 (S.C. 2008) (citations omitted).

All of the requirements under South Carolina law for the application of collateral estoppel are met in this case. The ownership of the Property was actually litigated and determined in the quiet title action. The state trial court granted partial summary judgment in favor of Anasti and held that the Property is "Confirmed and Ordered as belonging solely to [Anasti]." J.A. 64. The judgment is final, and Lee has exhausted all of her state court appeals. See Supp. Br. of Appellee at 3-6. Finally, Lee had a full and fair opportunity to litigate the issue in the state trial court and did so.

Lee argues that the bankruptcy estate will be prejudiced if not given its own full and fair opportunity to assert Lee's right to the Property.[5] As discussed above, however, any interest of the bankruptcy estate in the Property is derivative of Lee's interest. See In re Dameron, 155 F.3d at 721. Neither the estate nor Lee has argued that the estate's potential interest in the Property was not adequately represented by Lee in the state court action. The trustee would therefore be in privity with Lee

---

[5] We note that both the Chapter 7 and the Chapter 13 trustees had the opportunity to assert claims to the Property and have chosen not to do so.

21

for the purpose of determining the collateral estoppel effect of the state court judgment. See Richburg v. Baughman, 290 S.C. 431, 434, 351 S.E.2d 164, 166 (1986) ("One in privity is one whose legal interests were litigated in the former proceeding.").

All of the requirements established by the South Carolina courts for the application of collateral estoppel have thus been met. Accordingly, pursuant to 28 U.S.C. § 1738, this court must grant full faith and credit to the final state court judgment.[6]

We turn now to the effect that final judgment has on this appeal. The South Carolina trial court held the Property "to be the exclusive real property of [Anasti]" and granted Anasti title to the Property. J.A. 64. The court's findings of fact supporting this judgment explain why the avoidance action must be dismissed. The court stated:

> It is undisputed that in 1978 Laura Corvi deeded the Two Notch real property to Albert Anasti and his son James Anasti as tenants in common with a right of survivorship. . . . Future interest created by tenancy in common with right of survivorship vest on the death of the other party. Smith v. Cutler, 366 S.C. 546, 623 S.E.2d 644. Upon the death of Albert Anasti the property passed immediately to his son,

---

[6] Further, in affirming the bankruptcy court's order granting relief from the stay, we recognized the state court to be an appropriate forum for the resolution of Lee's state-law claims. It would be incongruous for us to now hold that the state court judgment, which reached finality because relief from the stay was granted, is not binding on Lee and, resultingly, the bankruptcy estate.

22

Plaintiff Anasti, as tenant in common with right of survivorship. Albert Anasti's act of leaving the property to his daughter did not destroy the tenancy in common with right of survivorship. See Id. ("Future interests created by a tenancy in common with a right of survivorship are indestructible, i.e. not subject to defeat by the unilateral act of one cotenant"). Therefore, I find the Two Notch Road property was not part of the probate estate of Albert Anasti, but property of Plaintiff Anasti, when the probate court made its ruling. J.A. 62.

The court went on to hold that "the probate court wrongfully distributed property that did not belong to a decedent, and the probate court's ruling is void for lack of subject matter jurisdiction." Id. at 63. Thus, under the state court ruling, Anasti's sole ownership of the Property vested at the time of Albert Anasti's death in 1995.

Lee's fourth cause of action was brought pursuant to 11 U.S.C. § 544(a), which provides that: "The trustee shall have . . . the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by . . . (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected." U.S.C. § 544(a). "Under section 544(a)(3) the trustee has the right and power, as of the date of the commencement of the case, to avoid any lien or transfer avoidable by a hypothetical bona fide purchaser of real property of the

23

debtor." Anderson v. Conine (In re Robertson), 203 F.3d 855, 864 (5th Cir. 2000). We have previously noted that § 544 "confers on the trustee no 'greater rights than those accorded by the applicable [state] law.'" Havee v. Belk, 775 F.2d 1209, 1219 (4th Cir. 1985) (citation omitted); see Anderson, 203 F.3d at 864 ("A hypothetical bona fide purchaser under section 544(a)(3) is a purchaser who under state law could have conducted a title search, paid value for the property and perfected his interest as a legal title holder as of the date of the commencement of the case.").

Lee's claim pursuant to § 544(a) is therefore subject to dismissal because there was no transfer of the Property to Anasti that Lee could seek to avoid. Instead, the state trial court entered a judgment recognizing Anasti as the record owner and finding that the probate court's ruling in favor of Lee was void. J.A. 63-64. Furthermore, the estate did not accede to any claim to the Property as a hypothetical bona fide purchaser on the date of the bankruptcy filing because, under state law as determined by the South Carolina courts, Lee held no interest in the Property on the date of filing. Id. at 62-64; see In re Houston, 409 B.R. 799, 807 (Bankr. D.S.C. 2009) ("Trustee acquired whatever interest the Debtor possessed on the date of filing.");

In re Granada, Inc., 92 B.R. 501, 504 (Bankr. D. Utah 1988) ("[T]he debtor's interest in the property (or lack thereof) may well limit the bona fide purchaser's 'rights and powers.'"). Lee's avoidance action thus fails to state a claim upon which relief can be granted and must be dismissed.

b.

In dismissing the first, second, and third causes of action in Lee's complaint (the "state law claims") the bankruptcy court noted that it had "previously found in its [order granting relief from the stay] that these issues should be conclusively determined by the state appellate court and should not be relitigated via this adversary proceeding." J.A. 227. The court cited "judicial economy" as a justification for its decision and dismissed the complaint without prejudice, stating that "should the state court find that [Lee] has an interest in the Property, the automatic stay shall apply and the parties may return to this [c]ourt." Id.

In affirming the bankruptcy court's order, the district court stated that the bankruptcy court's dismissal of the state-law claims "appear[ed] to be based on 28 U.S.C. § 1334, which allows a district court to abstain from hearing state-law claims related to bankruptcy cases in the interest of justice, in the

interest of comity, or out of respect for state law." J.A. 216. The district court upheld the bankruptcy court and dismissed the case "[b]ecause state law predominates, the state-court action has proceeded to the court of appeals, and the timing of the bankruptcy action gives rise to an inference of forum shopping." J.A. 216-17. Although the district court did not specify which subsection of § 1334 it applied, neither party disputes that it applied § 1334(c)(1), which states: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

We agree with the district court's finding that the bankruptcy court applied 28 U.S.C. § 1334(c). Furthermore, the district court's reference to the predominance of state-law, the presence of a related proceeding in state court, and the inference of forum shopping clearly invokes 28 U.S.C. § 1334(c)(1) and the factors courts have utilized in applying it. See, e.g., New Eng. Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 69 (1st Cir. 2002) (noting that, in applying § 1334(c)(1), courts

consider "the extent to which state law issues predominate over bankruptcy issues; the presence of a related proceeding commenced in state court or other nonbankruptcy court; and the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties") (internal quotation marks omitted). The ability of this court to review a district court's abstention decision made pursuant to 28 U.S.C. § 1334(c)(1) is limited by 28 U.S.C. § 1334(d), which provides:

> Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title . . . or by the Supreme Court of the United States under section 1254 of this title . . . .

28 U.S.C. § 1334(d).

"[T]he current version of section 1334(d) permits appellate review only of refusals of mandatory abstention." United States (IRS) v. Paolo (In re Paolo), 619 F.3d 100, 103 n.3 (1st Cir. 2010); see also Baker v. Simpson, 613 F.3d 346, 352 (2d Cir. 2010) ("[D]ecisions on permissive abstention, which lie within the discretion of the bankruptcy court, are not subject to review by the court of appeals. We therefore lack jurisdiction to decide whether the district court's decision on permissive abstention was correct."); Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.), 505 F.3d 237, 249 (3d Cir. 2007)

27

("[A]ppeals of decisions involving permissive abstention, whether or not the court abstains, are barred.").

"We therefore lack jurisdiction to decide whether the district court's decision on permissive abstention was correct," Baker, 613 F.3d at 352, and dismiss Lee's appeal to the extent it asks us to review the district court's decision to affirm the bankruptcy court's dismissal of the state-law claims based upon 18 U.S.C. § 1334(c). Accordingly, we affirm the dismissal of Lee's avoidance action brought pursuant to § 544(a), and we dismiss Lee's appeal of the district court's order affirming the bankruptcy court's dismissal of the state-law claims based on abstention under 28 U.S.C. § 1334(c)(1).

Conclusion

For the foregoing reasons, we affirm the district court's order affirming the bankruptcy court's order granting relief from the stay, we affirm the district court's order affirming the bankruptcy court's dismissal of Lee's avoidance action, and we dismiss the appeal of the district court's order affirming the bankruptcy court's decision to abstain from hearing the state-law claims.

AFFIRMED IN PART; DISMISSED IN PART