**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lena Sue Yarborough, Appellant,

v.

Joel F. Yarborough, III, Respondent.

Appellate Case No. 2023-001143

———————

Appeal From Newberry County
Charles M. Watson, Jr., Special Referee

———————

Unpublished Opinion No. 2025-UP-124
Submitted March 3, 2025 – Filed April 9, 2025

———————

**AFFIRMED**

———————

Beth B. Richardson and Sarah Cameron Frierson, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Appellant.

Charles V. Verner, of Newberry, for Respondent.

———————

**PER CURIAM:** In this action for partition, Lena Sue Yarborough appeals the special referee's order finding Joel F. Yarborough, III, solely owned a timber tract in Newberry County (the Newberry Tract), arguing the special referee erred in (1) finding a deed from the parties' mother created a tenancy in common with right of survivorship (TICWRS) to Joel and (2) finding Lena did not present clear extrinsic

evidence their mother intended to create a joint tenancy with right of survivorship (JTWRS).  We affirm.[1]

## FACTS

The parties inherited property from their mother, Bonnelle Yarborough, which Lena alleges included the Newberry Tract.  Lena filed a partition action regarding, *inter alia*, the Newberry Tract.  Joel answered, denying Lena had any interest in the Newberry Tract.  By order of the referee, each party filed a motion for summary judgment.

The parties disagree about whether a 1998 Deed 482-207 (First Deed), granting the Newberry Tract from Bonnelle to herself and Joel, conveyed the Newberry Tract as a JTWRS or a TICWRS.  Without a hearing on the motions, the referee granted Joel's motion for summary judgment, finding the deed unambiguously conveyed a TICWRS that could not be severed by a subsequent deed, Deed 2242-183 (Second Deed).  Lena moved to reconsider, which was denied.

The First Deed, executed in 1998 and entitled "Warranty Deed (Joint Tenants With Right of Survivorship) (Title Not Examined)," conveyed the Newberry Tract to Bonnelle and Joel "for and during their joint lives and upon the death of either of them, then to the survivor of them, his or her heirs and assigns, forever, in fee simple, together with every contingent remainder and right of reversion . . . ."  The Second Deed, executed in 2020 and entitled Deed to Real Estate (Title Search Not Performed), contained language to create a life estate in Bonnelle and the remainder in Lena.  Lena contended the First Deed created a JTWRS while Joel contended it created a TICWRS.  The special referee found the First Deed "unambiguously" created a TICWRS.  The referee found the label on the First Deed, "Joint Tenants With Right of Survivorship," did not create an ambiguity "because the words of inheritance in the granting clause have well established meaning in our jurisprudence and control the interpretation of the [d]eed."  Thus, the referee granted Joel's motion for summary judgment.

On reconsideration, the referee reiterated that Lena contended the First Deed created a JTWRS while Joel contended it created a TICWRS and "[t]he distinction is significant because [Joel] claims ownership of the property through the survivorship provisions of the [the First] Deed, while [Lena] claims ownership through a subsequent deed which she argues severed the survivorship provision of

---

[1]The parties are also litigating ownership of a tract in Fairfield County.

the [First Deed] and conveyed a one-half interest to her." The referee found the language of the granting clause was paramount, the language in the title of the deed of "Joint Tenants With Right of Survivorship" did not create an ambiguity, and even if it did create an ambiguity, "no extrinsic evidence of the grantor's intent was presented to me in connection with [Lena's] motion for summary judgment." Accordingly, the referee denied the motion for reconsideration. This appeal followed.

## STANDARD OF REVIEW

"A reviewing court determines, as a matter of law, whether the language in a deed is ambiguous." *Crystal Pines Homeowners Ass'n, Inc. v. Phillips*, 394 S.C. 527, 533, 716 S.E.2d 682, 685 (Ct. App. 2011). A reviewing court "considers questions of law de novo." *Proctor v. Steedley*, 398 S.C. 561, 573, 730 S.E.2d 357, 363 (Ct. App. 2012). The de novo standard of review "allows [the appellate court] to find facts in accordance with [its] own view of the preponderance of the evidence." *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. IMK Dev. Co., LLC*, 435 S.C. 109, 119, 866 S.E.2d 542, 548 (2021).

## LAW/ANALYSIS

### 1. The Deeds

Lena agrees the determination of the parties' interests depends on the construction of the First Deed; however, she argues the special referee erred in finding it conveyed a TICWRS. Lena argues it either created a JTWRS or, in the alternative, was ambiguous such that the referee was required to look at extrinsic evidence to determine Bonnelle's intent.

Lena next argues the referee erred in focusing primarily on *Smith v. Cutler*, 366 S.C. 546, 623 S.E.2d 644 (2005), which had not been decided at the time the First Deed was executed. In *Cutler*, our supreme court held that the deed in that case, which contained the same granting language as the First Deed, created a TICWRS, and the survivorship rights between the tenants created true future interests in the entire estate that could not be destroyed by the unilateral act of one tenant through an act such as partition. *Id.* at 552-53, 623 S.E.2d at 647. The court in *Cutler* explained the history of the two types of tenancies in South Carolina:

> Although joint tenancies were favored in early common law, they have fallen into disfavor. *See* Harold W.

Jacobs, Note, *Cotenancies, Estates of in South Carolina*, 11 S.C.L.Q. 520, 521-[]35 (1959) (explaining the movement away from construing deeds in favor of granting joint tenancies). In South Carolina, documents conveying a shared interest in property have generally been construed in favor of tenancies in common. *Herbemont v. Thomas*, 15 Chev. Eq. 21 (S.C. 1839). Courts began favoring tenancies in common over joint tenancies because the harsh results of survivorship rights often encumbered the land and defeated the intention of the grantor. *Free v. Sandifer*, 131 S.C. 232, 236, 126 S.E. 521, 522 (1925).

However, in 1953, this Court created a shared interest in property referred to as a tenancy in common with a right of survivorship. *Davis v. Davis*, 223 S.C. 182, 191-92, 75 S.E.2d 46, 50 (1953). The Court created the estate of tenancy in common with a right of survivorship because South Carolina did not permit husband and wife to hold property as tenants by the entirety. *Id.* The Court in *Davis* opined that by adding the phrase "and the survivor of them," the parties clearly indicated that upon the death of either of them the absolute estate should vest in the survivor. *Id.* at 191, 75 S.E.2d at 50. The Court stated that while a right of survivorship is not incident to a tenancy in common, the parties may create one if they so desire. *Id.*

\* \* \*

As noted from [*Davis*], the Court held that the future interests created by a tenancy in common with a right of survivorship were indestructible—i.e. not subject to defeat by the unilateral act of one cotenant.

*Id.* at 549-50, 623 S.E.2d at 646 (internal footnote omitted). In 2000, the legislature codified the estate of joint tenants with a right of survivorship as follows:

> [i]n addition to any other methods for the creation of a joint tenancy in real estate which may exist by law, whenever any deed of conveyance of real estate contains the names of the grantees followed by the words "as joint tenants with rights of survivorship, and not as tenants in common" the creation of a joint tenancy with rights of survivorship in the real estate is conclusively deemed to have been created.

S.C. Code Ann. § 27-7-40(a) (2007).

> This Court recognizes that the two estates at issue have many similar characteristics. However, unlike a tenancy in common with a right of survivorship, a joint tenancy with a right of survivorship is capable of being defeated by the unilateral act of one joint tenant. Further, property held in joint tenancy is subject to partition. In contrast, a tenancy in common with a right of survivorship cannot be defeated by the act of one tenant absent the agreement of the other tenant.

*Cutler*, 366 S.C. at 550-51, 623 S.E.2d at 647 (internal citations omitted).[2]

The First Deed granted the property to Bonnelle and Joel "for and during their joint lives and upon the death of either of them, then to the survivor of them, his or her heirs and assigns, forever, in fee simple, together with every contingent remainder and right of reversion . . . ." Interpreting nearly identical language as we are faced with here, the court in *Cutler* held "that the use of the phrase 'for and during their joint lives and upon the death of either of them, then to the survivor of them'

---

[2] By letter dated September 27, 2024, Lena filed a notice of supplemental authority, citing *Williams v. Jeffcoat*, 444 S.C. 224, 241, 906 S.E.2d 588, 597 (2024), which found section 27-7-40 does not apply retroactively. However, the court in *Cutler* also noted that section 27-7-40 was not enacted until after the deed in that case was executed, as is the case here. 366 S.C. at 551, 623 S.E.2d at 647. Thus, like the court in *Cutler*, we are interpreting the deed without retroactively applying section 27-7-40. *See id.* (recognizing that the deed in *Cutler* predated the enactment of section 27-7-40 and the parties could not have intended to rely on it; however, "the estate of joint tenancy still existed in South Carolina").

indicates an intention of the parties to share a tenancy in common for life, with cross remainders for life, with remainder in fee to the ultimate survivor." *Id.* at 551-52, 623 S.E.2d at 647.

Lena argues if the First Deed did not create a JTWRS, it was at least ambiguous because it contained the label, "Joint Tenants With Right of Survivorship." We disagree.

"The language in a deed is ambiguous if it is reasonably susceptible to more than one interpretation." *Penza v. Pendleton Station, LLC*, 404 S.C. 198, 204, 743 S.E.2d 850, 853 (Ct. App. 2013) (quoting *Proctor*, 398 S.C. at 573 n.8, 730 S.E.2d at 363 n.8). However, "[o]nly if the granting clause is deemed 'indefinite,' may the court look to other parts of the deed to ascertain the intent of the grantor." *Hunt v. Forestry Comm'n*, 358 S.C. 564, 570, 595 S.E.2d 846, 849 (Ct. App. 2004). We find, like the court did in *Cutler*, that the granting words in the First Deed are not indefinite; thus, the First Deed is not ambiguous, and like the same words did in *Cutler*, the words in the First Deed conveyed a TICWRS.[3]

### 2. Extrinsic Evidence

Lena argues the special referee erred in finding Lena did not present clear extrinsic evidence their mother intended to create a JTWRS. In his order denying Lena's motion to reconsider, the special referee found the language in the title of the First Deed did not create an ambiguity, and even if it created an ambiguity, Lena failed to present extrinsic evidence of the grantor's intent. Thus, the referee denied the motion for reconsideration. Because we find the First Deed unambiguous, we need not determine whether the special referee erred in finding Lena failed to provide extrinsic evidence of Bonnelle's intent because the admission of the evidence would have been improper. *See Snow v. Smith*, 416 S.C. 72, 85, 784 S.E.2d 242, 248 (Ct. App. 2016) ("When a deed is unambiguous, any attempt to determine the grantor's intent when reserving the easement must be limited to the deed itself, and using extrinsic evidence to contradict the plain language of the deed is improper.").

**CONCLUSION**

---

[3] We respectfully reject Lena's suggestion that we should give consideration to this court's opinion in *Cutler*. That opinion was reversed by our supreme court, and the supreme court's decision controls. *See Smith v. Rucker*, 357 S.C. 532, 537, 593 S.E.2d 497, 500 (Ct. App. 2004), *rev'd*, *Cutler*, 366 S.C. at 552, 623 S.E.2d at 647.

For the foregoing reasons, the order on appeal is

**AFFIRMED.**[4]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.